[Crim. No. 280.    Third Appellate District.—January 18, 1915.]

## THE PEOPLE, Respondent, v. HARRY TALMAN, Appellant.

CRIMINAL LAW—GRAND LARCENY—SUFFICIENCY OF EVIDENCE.—In a prosecution for grand larceny for having stolen a sorrel mare the evidence was sufficient to sustain a conviction where it showed the possession of the stolen property a few days after the theft by defendant and another who were jointly charged with the crime, the flight of the accused, they having been arrested one hundred and fifty miles from the scene of the offense, their presence in the immediate neighborhood at or near the time the animal was stolen, their abandonment near the place from which said sorrel mare had been

taken, of an emaciated and exhausted horse which they had been driving, and contradictory and unreasonable explanations made by the defendants of their possession of the mare and of their peregrinations through the country.

Id.—Argument—Absence of Misconduct.—It is held in this case that the record does not disclose anything in the address of the district attorney to the jury outside of the legitimate range of argument or to which exception could be justly taken.

Id.—Interviewing Witnesses by Defendant.—In such a case the law does not confer upon the defendant the right to demand that the sheriff conduct him to certain parts of the state that he may interview parties whose names he does not know, but by whom he expects to prove an *alibi.*

Id.—Evidence—Cross-examination—Impeachment of Defendant—Examination from Written Transcript of Interview With Defendant—Section 2052 Code of Civil Procedure.—In such a case where the district attorney on cross-examination of defendant, in laying the foundation for impeachment, read from a transcript of notes taken by a stenographer in an interview of the defendants by the district attorney after their arrest, in the presence of the sheriff and the stenographer, the district attorney was not required under section 2052 of the Code of Civil Procedure to exhibit the transcript to the witness, he never having had anything to do with the execution of it or having seen it before; and the refusal to permit the witness to inspect the transcript in such a case, even if technically erroneous, could not have resulted in prejudice to appellant, where there is nothing to indicate that the district attorney did not correctly read the transcript, or that he refused defendant's counsel the right to inspect it, or that the cross-examination in reference to it was at all abridged.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.   J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

John R. Cronin, and C. W. Gillespie, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of grand larceny for having stolen a sorrel mare belonging to Charles and Alice Dreyer.   There is no merit in the claim of the

insufficiency of the evidence to support the verdict. The possession of the stolen property, a few days after the theft, by defendant and one Allen Dodge, who were jointly charged with the crime, the flight of the accused, they having been arrested one hundred and fifty miles from the scene of the offense, their presence in the immediate neighborhood at or near the time the animal was stolen, their abandonment, near the place from which said sorrel mare had been taken, of an emaciated and exhausted horse which they had been driving, furnish abundant inculpatory circumstances to warrant the conclusion of the jury. It may be added that the conviction of the guilt of defendant is greatly strengthened by the contradictory and unreasonable explanation made by himself and his associate in the crime of their possession of the mare and of their peregrinations through the country. Indeed, one can hardly read the entire record without an abiding conviction of the guilt of defendant, and any other verdict would have resulted in a miscarriage of justice.

Some contention is made that the district attorney was guilty of misconduct in his address to the jury. The objection is hardly specific enough to merit attention, but we have examined the record of his remarks and find nothing outside of the legitimate range of argument or to which exception could justly be taken.

Appellant complains that the sheriff refused to conduct him to certain parts of the state that he might interview parties whose names he did not know, but by whom he expected to prove an *alibi*. The law confers upon a defendant no right to make such demand. It is, perhaps, needless to add that such practice, if permitted, would be likely to lead to great abuse without any compensating benefit. It would encourage simulated defenses, entail grievous trouble and expense and afford additional opportunities for a defendant to escape from the custody of the officer. The law is ample, in this matter, to protect the interests of one charged with a crime. Defendant could have obtained a subpoena for his witnesses, and he should have been able so to identify them that their attendance could have been secured.

The only question about which there can be any serious controversy grows out of the district attorney's effort to lay the

foundation for the impeachment of appellant and his co-
defendant. It seems that after their arrest they were ques-
tioned in the county jail by the district attorney in the pres-
ence of the sheriff and a stenographer and by the last named
the whole proceeding was taken down in shorthand and after-
ward transcribed. On cross-examination, at the trial, the dis-
trict attorney, reading from this transcript, interrogated the
witness as to certain questions and answers therein appearing.
Objection was made upon the ground that the writing should
be shown to the witness before he could be required to answer
This position was taken by reason of section 2052 of the Code
of Civil Procedure, providing: "A witness may also be im-
peached by evidence that he has made, at other times, state-
ments inconsistent with his present testimony; but before
this can be done the statements must be related to him,
with the circumstances of times, places and persons pres-
ent, and he must be asked whether he made such state-
ments and, if so, allowed to explain them. *If the statements
be in writing, they must be shown to the witness before
any question is put to him* concerning them." But the
attorney-general contends in effect that the last clause of this
section confines it to "written statements" of the witness.
"If the statements (of the witness) be in writing," in other
words, means: "If the statements have been made in writing."
In such case it is highly proper that they should be shown the
witness. But there would seem to be no reason for requiring
the writing to be exhibited to the witness where he has never
had anything to do with the execution of it or even has not seen
it before. The inspection by the witness of a typewritten
transcript, made by a stranger to him, and which he had never
seen before, could not assist the witness in his recollection of
oral statements which he may have made. At least, it would
afford him no greater aid than to have them fully read to him.
And there is no contention that the attention of the witness
was not directed to all the circumstances and declarations
that had any bearing whatever upon the alleged inconsistent
statements. But it is not necessary to decide this question, as
there is nothing to indicate that the district attorney did not
correctly read said transcript or that he refused defendant's
counsel an opportunity to inspect it or that the right of cross-
examination in reference to it was at all abridged, or that, in-

deed, the ruling of the court, if technically erroneous, resulted in any prejudice to appellant.

We think he was justly convicted and the judgment and order denying his motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.