[Crim. No. 1965. First Appellate District, Division One.—August 18, 1937.]

THE PEOPLE, Respondent, v. PASCUAL BAGASOL, Appellant.

James W. Foley for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Defendant appeals from orders denying his petition for a writ of *coram nobis* and his motion to set aside a judgment of conviction and sentence for the crime

of forgery, after having pleaded guilty to the crime before a committing magistrate.

■ The petition and the motion were based on alleged irregularities in conducting the preliminary examination and in certifying the case to the superior court. None of said irregularities were called to the attention of the superior court when defendant was arraigned therein, or at any time prior to the imposition of sentence; nor was there an appeal taken from the judgment of conviction. It would seem, therefore, as contended by the People, that defendant was precluded afterwards from raising any objections thereto through the medium of either of the proceedings instituted by him subsequent to the imposition of sentence. (*People* v. *Russell,* 139 Cal. App. 417 [34 Pac. (2d) 203]; *People* v. *Calhoun,* 9 Cal. App. (2d) 97 [48 Pac. (2d) 754]; *People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268]; *People* v. *Lawyer,* 11 Cal. App. (2d) 718 [54 Pac. (2d) 747].)

■ However, we have examined the record and are satisfied that even though the objections defendant now urges had been seasonably made, the superior court would not have been warranted in sustaining them. They are founded on the provisions of section 8 of article I of the state Constitution and section 859a of the Penal Code, which provide in substance that if the offense charged is a felony not punishable with death, the magistrate shall "immediately upon the appearance of counsel for the defendant" read the complaint to the defendant and ask him whether he pleads guilty to the offense charged therein; that thereupon or at any time thereafter when his counsel is present the defendant may with the consent of the magistrate and the district attorney plead guilty, and upon such plea the magistrate shall immediately commit the defendant to the custody of the sheriff and certify the case "including a copy of all proceedings therein" and such testimony as in his discretion he may require to be taken, to the superior court. And in addition to the foregoing provisions the code section declares that said "section shall not be construed to authorize the receiving of a plea of guilty from any defendant not represented by counsel".

At the conclusion of the preliminary examination in the present case the magistrate certified the case to the superior court, and it affirmatively appears from said certification

that he complied with all of the foregoing requirements. But in contradiction of some of the recitals therein, defendant alleged in his petition for the writ and as grounds for granting his motion to vacate the judgment of conviction, that the magistrate did not ''immediately upon the appearance of counsel for the defendant'' read the complaint to the defendant; that at no time during the proceedings before the magistrate was the defendant represented by counsel; and that in certifying the case to the superior court the magistrate failed to include a copy of the complaint.

With respect to the issues thus raised, the record discloses the following facts: One Bermio, a Filipino, and several of his countrymen, including the defendant and one Acosta, engaged in the enterprise of passing a number of forged checks on a Mountain View bank. Bermio wrote the checks, forging the name of a Japanese thereto as maker, and made several of the checks payable to his countrymen, including defendant and Acosta, and the payees endorsed and cashed them. Upwards of two hundred dollars was thus obtained before the bank employees detected the forgeries and caused the arrest of Bermio. Acosta and defendant. On December 28, 1936, defendant was arraigned before the magistrate on said charge. He understood and spoke English, and after reading the complaint to him, the magistrate delivered to him a copy thereof and informed him of his right to the aid of counsel. The matter was then continued until January 5, 1937, for the purpose of allowing him to procure counsel. In the meantime Bermio retained an attorney, and after conferring with his client in jail said attorney talked with defendant and Acosta, who were confined in another part of the jail. During that interview they related the facts of the case to said attorney, and stated they did not want an attorney, that they intended to plead guilty. On January 5, 1937, defendant was again brought before the magistrate. Bermio and his counsel were also present, and defendant in open court expressed the desire to enter a plea of guilty. However, he was still without counsel, and at the request of the magistrate and with defendant's consent Bermio's attorney agreed to act as defendant's counsel for the purpose of allowing defendant to enter his plea of guilty. There

is some conflict between the recitals in the magistrate's certificate and the testimony given by him at the hearing as to whether the complaint was again read to defendant. The certificate declares that it was. However that may be, defendant, in accordance with his expressed desire, was permitted to enter his plea of guilty and the case was certified to the superior court. It is indicated by the remarks made by the judge of the superior court when defendant was arraigned therein that at that particular time the complaint which had been filed before the magistrate was not actually in court. However, it affirmatively appears from the recitals in the magistrate's certificate that said complaint had been attached to said certificate, and forwarded therewith to the superior court, and no evidence was offered by defendant at said hearing to show such was not the fact. Moreover, it appeared from said certificate that defendant had "plead guilty to passing a forged check", and before imposing sentence the court informed defendant that the charge to which he had pleaded guilty was "forgery, a violation of section 470" of the Penal Code; and when asked if he had any legal reason to assign why sentence therefor should not be imposed, he replied in the negative.

It is apparent from the foregoing that there is no merit in defendant's points that he was not represented by counsel at the time he entered the plea of guilty before the magistrate, and that the magistrate failed to forward the complaint with his certification of the case to the superior court. And as to the remaining point, even though it be assumed that the magistrate did not read the complaint to defendant a second time, after defendant had accepted the services of said attorney, the failure so to do cannot be said to have deprived defendant of any substantial right, nor to have operated to his prejudice; nor can it be held to have constituted a material noncompliance with the requirements of the statute. That being so, the proceedings based thereon were not invalid. As declared by section 1404 of the Penal Code, neither a departure from the form or mode prescribed by said code in respect to any pleading or procedure, nor an error or mistake therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

█ Appellant makes the additional point that when arraigned before the superior court he appeared without counsel and that he was not informed of his right thereto. No such point was urged in the superior court as ground for the issuance of the writ or the granting of the motion; furthermore, it is an assignment of error which should have been raised on an appeal from the judgment. Therefore defendant is precluded from urging the same now. █ In any event, the record shows that prior to the imposition of sentence and in response to inquiries made by the court defendant frankly admitted his participation in the forgery and in the enjoyment of the fruits of the crime; and, as stated, when asked if he had any legal reason to show why he should not be sentenced therefor he replied that he had none. It is evident, therefore, that since the imposition of sentence has not resulted in a miscarriage of justice, no ground for reversal is established. (Sec. 4½, art. VI, Const.)

The orders appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 2, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1937.