[Crim. No. 2116. Third Dist. Apr. 22, 1949.]

In re RAYMOND ROGERS, for a Writ of Error *Coram Nobis.* THE PEOPLE, Respondent, v. RAYMOND ROGERS, Appellant.

Raymond Rogers, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THOMPSON, J.—This is an appeal from an order of the Superior Court of Nevada County, denying petitioner's application for a writ of *coram nobis*. At that hearing the peti-

tioner appeared in proper person, as he did on appeal to this court.

It is contended the petitioner, who was charged in three counts of an information with different felonies growing out of the same transaction, and with two prior convictions of felonies, was induced to plead guilty to the third count of robbery, by the coercion, threats and misrepresentations of the arresting officers and the district attorney. It is also asserted the evidence taken at the preliminary hearing fails to show probable cause to believe the defendant was guilty of any of the crimes charged, and that he was therefore wrongfully held for trial.

■ The preliminary hearing occurred in Grass Valley in May, 1947. At that hearing the defendant waived counsel. The prosecuting witness testified that while she was attending a dance at Lake Olympia in Nevada County, she went to sleep in her automobile parked near by, and that the defendant entered the car and attempted to rape her; that she resisted his assault, and in the struggle which ensued her chin was severely cut and bled profusely; and when the defendant's attempt was frustrated he tore her watch from her wrist, seized her purse, containing two fountain pens and other effects, and a wallet containing some money, which lay upon the cushion, and fled. She returned to the dance hall and told her sister of the affair. They telephoned the officers at Grass Valley of the assault and robbery. The following morning the defendant was arrested. The officers searched him and found in his possession the purse, wallet, watch, two fountain pens and $43 in cash. The owner went to Grass Valley the following morning and identified the defendant and the said personal property which had been stolen from her. The arresting officer testified to the receiving of the telephone call and the arrest of the defendant in a taxicab on the way to Grass Valley, the search of his person and the finding of said property in his possession. The defendant failed to take the witness stand at that hearing or to deny any of the charges of the witnesses. The magistrate held him for trial upon three charges of felonies, including robbery. The evidence adduced at the preliminary hearing was adequate upon which to hold him for trial.

June 9, 1947, an information was filed in Nevada County, charging the defendant in three counts with different felonies growing out of that affair, and with two prior convictions of other felonies. Neither a demurrer nor motion to quash the

information was filed or made. Upon arraignment of the defendant, on July 7th, Lynn Kelly, a capable and reliable attorney, was appointed and represented the defendant throughout the criminal proceedings. Upon advice of his attorney and in accordance with a previous agreement with the district attorney, the defendant pleaded guilty to the third count of robbery, and at the same time, upon motion of the prosecuting officer, the other two counts of the information and both charges of prior convictions of other felonies were dismissed. The district attorney then stated to the court in the presence of the defendant and his attorney that, since filing the information, he had discovered that the second alleged prior conviction "was not a felony." With the consent of the defendant, the case was continued to July 18th for sentence. The court then determined that the defendant had been "duly convicted . . . of the crime of felony, to wit: Robbery of the second degree." Upon sentence the defendant was asked if he had legal cause to show why judgment should not be pronounced, to which he replied "that he had none." He was thereupon sentenced to imprisonment at San Quentin for the term prescribed by law. During all of said proceedings neither the defendant nor his attorney suggested to the court or to any of its officers, or at all, that said plea of guilty of robbery was procured by the threats, fraud, coercion or misrepresentations of the district attorney, the arresting officers or any other person. The defendant asked for probation, which was denied. No appeal was taken from the judgment, and no complaint was made of proceedings until about a year thereafter.

This is the third special writ of this nature which has been denied this petitioner. In May, 1948, his petition for a writ of habeas corpus, upon substantially the same grounds urged in this petition, was denied by the Supreme Court. A petition for a writ of *coram nobis* was subsequently presented and heard by the Superior Court of Nevada County, and denied. The present petition for a writ of *coram nobis* was filed and heard by the Superior Court of Nevada County. In effect, the petitioner asked the court to set aside the judgment of conviction of robbery of the second degree which was rendered against him upon his plea of guilty of that offense, and to permit him to withdraw that plea and to enter a plea of not guilty and to grant him a trial upon the merits of the criminal charges. The petition alleges that petitioner was induced

to plead guilty to the charge of robbery by the threats, coercion and misrepresentations of the arresting officers and the district attorney. The chief assertions are that said officers threatened to prosecute him for other alleged crimes, and to implicate his brother and sister therein, if he stood trial on the charges filed against him, that the district attorney wrongfully informed him that the two charges of prior convictions of alleged felonies contained in the information would result in his being adjudged an habitual criminal under section 644 of the Penal Code, and that the penalty imposed upon him would be increased, when, in truth, one of the alleged prior convictions was in fact not a felony but merely a misdemeanor, and the defendant was therefore not subject to be adjudged an habitual criminal. The petition also alleged that the judgment is void for lack of evidence and irregularities of proceedings at the preliminary hearing.

Upon the hearing of this petition for *coram nobis,* the petitioner appeared in proper person. Oral and documentary evidence was adduced. All of the pleadings and proceedings of the criminal case, including the transcript of testimony of the preliminary hearing were introduced in evidence and are before us. The five arresting officers who were charged in this petition with coercion, deceit and misrepresentations were sworn and examined. Each of them positively denied that any such threats, coercion or misrepresentations were made to the defendant. It satisfactorily appears that the defendant voluntarily pleaded guilty to robbery, with full knowledge of all material facts, in accordance with a previous agreement between himself and his attorney with the district attorney that if he did so all other counts of the information and both charges of prior convictions would be dismissed. At the same time the defendant pleaded guilty to robbery under the third count, the district attorney, in good faith, moved the court to dismiss the other counts and the charges of prior convictions, which motion was granted and they were dismissed. At the time of the plea, the district attorney frankly stated to the court, in the presence of the defendant and his attorney, that since filing the information he had discovered that the second charge of prior conviction "was not a felony." No objection was then made by the defendant or his attorney that they had been misled on that account, or at all, or thereby induced to plead guilty to robbery. Moreover, it clearly appears the defendant was not misled or deceived. On the contrary, he at all times had full knowledge of the fact that the

second charge of prior conviction was erroneously termed a felony, and that in fact that alleged conviction was merely for petit larceny, a misdemeanor. Prior to the entry of his plea the defendant knew that fact. The time and place of that conviction were specifically alleged in the information. The information was filed June 9, 1947. The plea was not entered until July 7th. On June 14th, he told the district attorney that conviction was for petit larceny only. In his argument to this court he admitted his knowledge of that fact before his plea was entered. He said in that regard, "The defendant then [on June 14th] informed Mr. Sheldon that his second prior conviction was not burglary, as charged in the information, but that it was petit theft with a prior felony conviction."

The defendant failed to take the witness stand in his own behalf on this hearing. He furnished no substantial testimony to support the allegations of his petition.

Upon the evidence adduced at the hearing of this petition for a writ of *coram nobis*, the trial court denied the writ and remanded the prisoner. From that order this appeal was perfected.

The alleged fraud and deceit of the arresting officers and the district attorney are thoroughly refuted by the testimony of the officers and by the record in this case. We are convinced the defendant was not deceived, misled or coerced by any of the officers to plead guilty to robbery. At least, there is adequate evidence to support the order of the court denying the petition for *coram nobis*.

The defendant waived any objection which he may have had to the sufficiency of the evidence or irregularities of the preliminary hearing, by failing to move to quash the information under section 995 of the Penal Code, if any such existed, which we do not concede. The defendant pleaded guilty with full knowledge of all essential facts. The district attorney dismissed counts one and two of the information and both charges of prior convictions, in exact accordance with his agreement. The only pretended defense to the criminal case, on its merits, suggested by the defendant, was the statement which he made to his attorney when he was told that his possession of the stolen property immediately after the alleged offense, would be difficult to satisfactorily explain, that he had previously taken two drinks of liquor and that after the second one he sustained a complete "blackout" of memory and was

unconscious of what occurred, and that he did not know how he became possessed of the stolen property. To that suggestion his attorney wisely replied that he thought amnesia would be a weak defense to the charge of robbery in view of the evidence adduced at the preliminary hearing. His attorney therefore advised him to plead guilty to robbery upon agreement that the other counts of the information and the charges of prior convictions would be dismissed. We are satisfied no unfair advantage was taken of the defendant as alleged in this petition, or at all.

The petitioner is precluded from challenging the alleged inadequacy of the evidence or irregularities of procedure of the preliminary hearing, by his failure to move to quash the information under section 995 of the Penal Code. (*In re Dorsey*, 81 Cal.App.2d 584, 586 [184 P.2d 702]; *People* v. *Bagasol*, 22 Cal.App.2d 327, 329 [70 P.2d 970]; *People* v. *Harris*, 219 Cal. 727, 730 [28 P.2d 906]; *People* v. *Egan*, 73 Cal.App.2d 894, 897 [167 P.2d 766]; *People* v. *Greene*, 80 Cal.App.2d 745, 749 [182 P.2d 576]; *People* v. *Duncan*, 50 Cal.App.2d 184, 187 [122 P.2d 587].)

The application of the writ of *coram nobis* has its limitations. It is an extraordinary writ to afford relief only when an accused person has been deprived of a right of trial through no fault of his own, by extrinsic threats, fraud, coercion or misrepresentations which prevented a valid trial. The writ lies to correct prejudicial mistakes of fact only, as distinguished from mistakes of law, which occur through no fault or negligence of the defendant, when no statutory remedy therefor exists, or when that remedy is ineffectual. (*People* v. *Butterfield*, 37 Cal.App.2d 140, 142 [99 P.2d 310]; *People* v. *Mooney*, 178 Cal. 525, 529 [174 P. 325]; *People* v. *Reid*, 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375]; *People* v. *Coyle*, 88 Cal.App.2d 967, 977 [200 P.2d 546]; 27 Cal.L. Rev. 228.) Where the mistake of fact relied upon is known to the defendant, or by the exercise of reasonable diligence should have been known to him, the petition for a writ of *coram nobis* will not lie. (*People* v. *Shorts*, 32 Cal.2d 502, 514 [197 P.2d 330]; *People* v. *Coyle, supra,* p. 998; 31 Am. Jur. § 806, p. 325.) In the present case the defendant had full knowledge of the chief alleged mistake of fact upon which he relies, with relation to the second charge of a prior conviction. Twenty-two days before the arraignment the defendant told the district attorney that he had not at that

time been convicted of burglary, but only of a petit theft. Under the preceding authorities the writ of *coram nobis* will therefore not lie on that ground. In the Shorts case, *supra*, quoting with approval from 31 American Jurisprudence, it is said at page 514 of the opinion:

". . . 'It is essential to the availability of the remedy of coram nobis or coram vobis that the mistake of fact relied upon for relief was unknown to the applicant at the time of the trial, and could not by the exercise of reasonable diligence have been discovered by him in time to have been presented to the court.' "

For the foregoing reasons the order denying the petition for a writ of *coram nobis* is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 7, 1949.