[Crim. No. 2121.   Third Dist.   May 2, 1949.]

THE PEOPLE, Respondent, v. TED BAILEY, Appellant.

Ted Bailey, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This is an appeal from a judgment rendered by the Superior Court of Stanislaus County, denying a petition for a writ of error *coram nobis* filed by appellant in which proceeding petitioner sought an order setting aside a judgment convicting him of forcible rape, on October 16, 1945, alleging that at his trial he had been "deprived of substantial rights and due process of law," and that the judgment was void on its face for uncertainty.

The record shows that on the trial for rape petitioner was represented by Mr. Brack, counsel appointed by the court, and that no appeal was taken from the judgment, nor any motion for a new trial made. At the proceeding for writ of error *coram nobis*, filed a year later, petitioner was represented by counsel of his own choosing. On this appeal he appears in propria persona, asserting, as grounds for reversal, that at his trial on the rape charge he was denied equal protection of the law because the court refused to subpoena witnesses on his behalf, and because he was denied the right to question further the complaining witness; that he was convicted on inconsistent testimony; that the district attorney was guilty of prejudicial misconduct; that the jury was prejudiced by an erroneous instruction; and that his counsel was negligent and incompetent.

Regarding the first of these contentions the record of the trial on the rape charge (which record was introduced in

evidence in the *coram nobis* proceeding) shows that the complaining witness was a "hitch-hiker" who was picked up by Bailey when he and a friend by the name of Dow Pierce were driving in Bailey's car from Stockton to Modesto in the nighttime; that while Pierce was asleep in the back seat Bailey stopped the car, dragged the woman to an orchard and there raped her. At the trial on that charge defendant did not produce Pierce as a witness, and he contends that his inability to do so was because the trial court refused to issue a subpoena for him. However, on the *coram nobis* proceeding the testimony in this connection given by Mr. Brack, defendant's counsel at the rape trial, was, not that they were refused a subpoena for Pierce, but that the sheriff's office and the district attorney's office refused to assist him in *locating* Pierce.

■ While a defendant's right to have process to compel the attendance of witnesses in his behalf is conceded, it is not the duty of public officials to locate or assist a defendant in locating a witness whose whereabouts is unknown to them or to the defendant himself. (See *People* v. *Talman*, 26 Cal. App. 348, 350 [146 P. 1063] ; *People* v. *Sheridan*, 136 Cal.App. 675, 684 [29 P.2d 464].) No continuance was requested to secure Pierce's attendance; and when he did appear at the hearing in the *coram nobis* proceeding he testified that he was drunk and asleep in the back seat of the car and remembered nothing after they left Stockton, until they arrived in Modesto.

■ As for appellant's contention that he was denied the right to cross-examine the complaining witness fully, the record shows that she was questioned at length by defendant's counsel, and that the defense rested without any request for her return. Apparently both parties expected that she would appear to rebut testimony given by defendant, and the prosecution had provided for her return from Los Angeles; but it was agreed that her nonappearance was probably due to a bus strike; and counsel for the respective parties then agreed that if she were present she would "deny all of the portions of the testimony of Mr. Bailey that were inconsistent with hers, and save a lot of time in that way." Also, it might be added, the prosecution was not compelled to put in any rebuttal testimony at all; so it cannot be said that defendant was deprived of any right to examine the prosecutrix further when the prosecution was satisfied to dispense with her presence.

■ Appellant's next complaint—that he was convicted on "inconsistent testimony"—presents nothing for consideration by an appellate court, for the resolution of conflicts of evidence, and the credibility of witnesses, are matters for a jury.

■ Appellant also asserts that the evidence does not show that the prosecuting witness resisted the alleged rape. But not only was this solely a matter for the jury to determine, but it presents nothing reviewable in a *coram nobis* proceeding. In passing it may be said, however, that there was ample evidence of resistance furnished not only by complainant, but by a farmer who resided near the scene of the rape who testified that he heard the screams of the victim which he described as "hollering as loud as any human being could," and who telephoned for the police.

The asserted prejudicial misconduct of the district attorney is that he "instructed" the jury that "the defendant remained mute neither denying nor admitting the charge." This refers to a statement made during the prosecutor's argument to the jury when he referred to the testimony of a deputy sheriff that when defendant, in his presence, was accused by prosecutrix, he did not say anything but stood there mute. Such reference to the testimony by the prosecutor did not constitute misconduct; if it had it should have been raised on appeal. It constitutes no ground for review on writ of error *coram nobis*.

■ Appellant's complaint about an instruction given by the trial court is that there was prejudicial error in charging the jury that "when a defendant in a criminal case stands mute in the face of an accusation, his silence may be considered by you as tending to show an admission on his part of the truth of the charge." A comparable instruction was given approval in *People* v. *Willmurth*, 77 Cal.App.2d 605, 615 [176 P.2d 102], and hearing in the Supreme Court was denied. Also, see, *People* v. *Richardson,* 83 Cal.App. 302, 306 [256 P. 616].

■ As regards the alleged incompetency and negligence of defendant's attorney, the record refutes this charge, as it shows that Mr. Brack defended his client valiantly and efficiently. Furthermore, such a charge, also, is not reviewable in a *coram nobis* proceeding. (*People* v. *Martinez,* 88 Cal. App.2d 767, 771 [199 P.2d 375].)

Finally, it may well be said that in this case petitioner was granted considerable latitude in his *coram nobis* proceeding

in view of the limitations upon the relief which may be given in such a proceeding. See *People* v. *Tuthill*, 32 Cal.2d 819, 821-822 [198 P.2d 505] ; *In re Lindley*, 29 Cal.2d 709, 724-726 [177 P.2d 918] ; *People* v. *Mendez*, 28 Cal.2d 686, 688 [171 P.2d 425] ; *People* v. *Gilbert*, 25 Cal.2d 422, 442 [154 P.2d 657] ; *People* v. *Reid*, 195 Cal. 249, 258 [232 P. 457, 36 A.L.A. 1435] ; *People* v. *Martinez, supra,* at pp. 771, 773-774; *People* v. *Coyle,* 88 Cal.App.2d 967, 970-971 [200 P.2d 546] ; *People* v. *O'Malley,* 63 Cal.App.2d 646, 648 [147 P.2d 422]. We find no error.

The judgment, denying defendant's petition for a writ of error *coram nobis* and denying his motion to vacate the judgment of conviction, is affirmed.

Peek, J., and Thompson, J., concurred.