[Crim. No. 773.   Fourth Dist.   Feb. 13, 1953.]

THE PEOPLE, Respondent, v. TERRELL D. HARDING, Appellant.

William Byrd for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order denying an application for a writ of error *coram nobis.*

In July, 1947, the defendant pleaded guilty to a charge of murder in the second degree, being represented by the public defender. At the time judgment was pronounced it was brought out that during 1943 he had spent three months in a mental institution in Texas, and that during the intervening years he had served a term in Folsom prison. The court included in the judgment a statement which reads: "Should the adult authority deem fit, it is the recommendation of the court that the defendant be placed under the care and supervision of the prison doctors and psychiatrists."

In June, 1951, the defendant sought by this writ to have the judgment set aside on the ground that the court was without jurisdiction to enter it, contending that he had been denied the aid of counsel at his preliminary examination; that the court had failed to take evidence as to the degree of the offense; that the court had doubt as to his sanity at the time he pleaded guilty; and that the public defender had unduly and improperly influenced him to enter a plea of guilty. The court appointed another attorney to represent the defendant on his application for this writ, the matter was submitted on affidavits and arguments of counsel, and the application was denied. His attorney on this appeal has acted at the request of this court.

There is no merit in the contention that the judgment is void because the defendant was not informed of his right to counsel at the prelimiary hearing. It appears that the justice's docket stated that at that time the defendant was informed of his legal rights. If any deficiency existed, the matter could have been raised by moving to set aside the information or by other appropriate and timely action. (*People* v. Knight, 106 Cal.App.2d 312 [234 P.2d 992]; *People* v. *Gilliam,* 39 Cal.2d 235 [246 P.2d 31].) Moreover, an application for this writ must be seasonably made (*People* v. *Smith.*

108 Cal.App.2d 696 [239 P.2d 466]), and no explanation is offered for the delay of four years which here occurred.

The defendant pleaded guilty to murder in the second degree. If it be assumed that the court should also have taken evidence on the degree of the offense, its failure to do so was a mere irregularity which would not invalidate the judgment. (*In re Stroff*, 132 Cal.App. 351 [22 P.2d 770]; *People* v. *Kerr*, 113 Cal.App.2d 90 [247 P.2d 927].)

It is also contended that the court was without jurisdiction to pronounce judgment, since the court had serious doubts as to the defendant's sanity at that time. It is argued that such doubt is disclosed by the fact that the court included in its judgment a recommendation that the defendant be placed in the care of psychiatrists; and that under section 1368 of the Penal Code it was the court's duty to have ordered a trial on the question of his sanity. Nothing appears other than that it had been argued to the court that the defendant had spent three months in a mental institution some four years before. Subsequently, he had served a prison term in this state. At the time sentence was pronounced he intelligently answered the questions asked of him. The court's recommendation for psychiatric treatment, in the event the adult authority should deem this to be fit, was not sufficient to show that the court entertained a doubt as to the defendant's sanity, in a legal sense, and there is nothing in the record which would in any way indicate that such a situation existed.

It is suggested, but not argued, that the defendant was unduly influenced and improperly persuaded by the public defender to enter a plea of guilty. The only thing that appears in the record is that the defendant's counsel admitted at the hearing that the evidence on this matter was conflicting. Under such circumstances, the trial court's finding is conclusive on this court. (*People* v. *Parry*, 105 Cal.App.2d 319 [232 P.2d 899].)

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.