[Crim. No. 936.   Fourth Dist.   Apr. 28, 1953.]

THE  PEOPLE,  Respondent,  v.  CHARLES  LARRANN, Appellant.

Charles Larrann, in pro. per. for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order denying the defendant's motion to set aside the judgment. In effect, the proceeding in the trial court was an application for a writ of error *coram nobis.*

The appellant was originally charged with a violation of section 484 of the Penal Code, and was represented by the public defender. The information was later amended to charge a violation of section 503 of the Vehicle Code, to which he pleaded guilty. His application for probation was denied, and judgment was pronounced on December 28, 1951, sentencing him to prison.

On June 13, 1952, the appellant filed a motion to set aside the judgment based on the grounds that the evidence at the preliminary hearing was not sufficient to show a violation of section 503 of the Vehicle Code, and that he was induced to enter a plea of guilty by the false representation of his attorney that the offense denounced in that section is not a felony and could not be punished as such. It was alleged that section 503 "is limited to cases where a vehicle is driven or taken in the absence of the owner," and that the evidence here disclosed that the owner was present and gave the appellant permission to take this automobile. It was also alleged that through the fraud of his attorney the appellant was induced to plead guilty to a violation of section 503, when the actual offense was merely a violation of section 499b of the Penal Code, a misdemeanor. Affidavits in opposition to the motion were filed by the attorney who had represented the appellant, and by the deputy district attorney who had handled the matter. A counteraffidavit was also filed by the appellant. The court appointed another attorney to represent the appellant at the hearing. The motion to set aside the judgment was denied, and the appellant filed a notice of appeal from that order and also from the original judgment.

It is first contended that the motion to vacate the judgment should have been granted since the evidence taken at the preliminary examination showed that the appellant could not have been guilty of a violation of section 503 of the Vehicle Code, as this evidence disclosed that the vehicle was not taken in the absence of the owner, and also disclosed that the offense, if any, constituted a violation of section 499b of the Penal Code. The requirement that the taking be in the absence of the owner of the vehicle, which was formerly in section 503, was eliminated from that section in 1947

(Stats. 1947, p. 1926). ██ Moreover, the appellant is precluded from challenging the sufficiency of the evidence at the preliminary examination by his failure to move to quash the information. (*People* v. *James,* 99 Cal.App.2d 476 [222 P.2d 117]; *In re Rogers,* 91 Cal.App.2d 394 [205 P.2d 667].)

██ The evidence taken at the preliminary examination shows that on November 21, 1951, the appellant, with a woman and small child, entered a used-car lot in Indio at two or three o'clock in the afternoon and inquired about a certain automobile which was there for sale; that the salesman gave the appellant permission to drive the car "around the block"; that the appellant left with the car and did not return; that later on that day, the appellant and the car were picked up near Blythe, about 100 miles from Indio; and that later on the same day the appellant told the chief of police of Indio that he had taken this car and was using it as a means of transporting his wife and himself to the Blythe area for the purpose of securing work, and that he did not have any funds with which to pay for the car or for a down payment on the car. The evidence at the preliminary was entirely sufficient to justify holding the appellant on a charge of violating section 503 of the Vehicle Code.

██ It is next contended that fraud was used "to support and obtain a conviction." It is argued that on May 10, 1952, the appellant learned that the file of the district attorney's office contained a statement which purported to be signed by the appellant; that the appellant wrote to the district attorney asking him if any such statement existed and saying that if such a statement was in the file, bearing the signature of the appellant, this was a forged signature; that the appellant received a reply from the district attorney saying "We do not have any forged statements in our file in your case"; and that at the hearing of the motion to vacate the judgment on October 3, 1952, the deputy district attorney told the court that "We have a signed statement from the defendant." This had nothing to do with obtaining a conviction, and the only reference thereto made at the hearing on the motion was that the district attorney said they had a signed statement from the defendant in which he said he was going east from Blythe; that he went to the used-car place and said he wanted to buy a car, and had $3.00 in his pocket; that he then left; and that they apprehended him just outside of Blythe. Except for the statement that he was going east from Blythe these same matters appeared in the affidavit

of appellant's former attorney. Conflicting statements made by the appellant as to his destination and purpose were also set forth in the affidavits. No fraud on the part of the district attorney appears, and the matter thus complained of furnishes no ground for vacating the judgment or for a reversal of the order here appealed from.

Appellant's final contention is that he was induced to plead guilty by false statements made by his then attorney, and that this attorney informed him that he was fixing up a deal with the district attorney's office for a lesser offense, a misdemeanor; told him that the violation of section 503 charged in the amended information was not a felony, and he "could only receive local punishment"; and also told him that if he refused to plead guilty to the charge the chances were his wife would be arrested as an accomplice. The affidavits filed by appellant's former attorney and by the deputy district attorney who handled the matter positively deny all of the allegations made by the appellant in this regard; set forth in detail another version of what was actually said and done, including various conflicting stories told by the appellant; and disclose a situation entirely different from that claimed by the appellant. Nothing more than a conflict in the evidence appears, and any such conflict has been resolved by the trial court against the appellant.

The attempted appeal from the original judgment was filed more than nine months after the judgment was entered. The purported appeal from the judgment is dismissed, and the order denying the motion to set aside the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.