[Crim No. 2873. First Dist., Div. Two. May 25, 1953.]

THE PEOPLE, Respondent, v. EARL COWEN, Appellant.

Thomas F. Poggi for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Appeal from an order denying a petition for a writ of error *coram nobis*. Appellant was tried and convicted of possession of marijuana, a second count of transportation having been dismissed. Two priors, also charged, were found to have been on appellant's record. No appeal was taken from the judgment of conviction.

The petition filed below is scattered with innumerable charges of fraud, collusion, lack of evidence, lack of due process, etc., all of which are but conclusions and find no support in any record on this appeal. There are allegations

of fact in the petition which can be outlined as follows: (1) Count II of the information was dismissed, and since it was followed by accusation of two prior convictions it was improper to consider the priors at all, the thought being that the charges of priors were thereby dismissed also; (2) that a confiscation proceeding against petitioner's automobile was had without notice to him and by fraud of the arresting officers and the district attorney and that it constituted double jeopardy; (3) there was evidence at the trial of an entrapment of the arresting officer where it was shown that he masqueraded as a druggist and bought marijuana from petitioner; (4) that his trial counsel failed to perfect an appeal from his judgment of conviction after advising him that such action would be taken. The appeal is based on these four allegations.

■ It is clear that any error coming within the first and third allegations stated above could have been considered on a motion for new trial or on an appeal and are therefore not to be considered on a petition for a writ of error *coram nobis*. (*In re Rogers,* 91 Cal.App.2d 394 [205 P.2d 667].) ■ As to the second allegation, that is a matter that should have been brought up in the civil confiscation proceedings. It has nothing to do with this action.

■ As to the last allegation, there is no evidence in the record that petitioner's counsel practiced any fraud on him by failing to file notice of appeal. Even if this were thought to be extrinsic fraud, as it is characterized by appellant, it is not that type of factual error or omission which can be reviewed on a writ of error *coram nobis*. It is not a fact that, if known at the time of trial, would have prevented the verdict of guilty or prevented a valid trial (*In re Rogers, supra,* 91 Cal.App.2d 394; *People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505]; *People* v. *Pryor,* 87 Cal.App.2d 352 [196 P.2d 948]) and is not reviewable by this type of writ (*People* v. *Bailey,* 91 Cal.App.2d 578 [205 P.2d 418]).

The appeal is presented for the appellant by counsel appointed by the court at appellant's request. He has presented the arguments, as is his duty to his client, but he has been unable to find authority to support them.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.