[Crim. No. 862. Fourth Dist. May 26, 1953.]

THE PEOPLE, Respondent, v. JACKSON RYAN,
Appellant

William M. Martin for Appellant.

Edmund G. Brown, Attorney General, William E. James,
Deputy Attorney General, A. Hugo Pearson, District Attorney (Kings), and Kenneth C. Nagel, Assistant District Attorney, for Respondent.

GRIFFIN, J.—It appears from the record that on September 11, 1950, defendant, in propria persona, filed a petition for a writ of error *coram nobis* which apparently

raised some of the same questions here presented. At defendant's request he was returned from state's prison at Folsom for the hearing. An attorney was appointed to represent him and also act as "a friend of the court." Thereafter the court denied the petition. No appeal was taken from that order.

Thereafter, on September 8, 1952, defendant filed another such petition (also denominated petition for writ of *coram vobis*) alleging generally that he is now unlawfully imprisoned in the state's prison at San Quentin because he was not, at the time of his preliminary hearing, properly informed of and given the right to the aid and advice of counsel.

On November 13, 1952, through his attorney herein, who was appointed by the court, he filed a petition for a writ of habeas corpus predicated upon the same grounds. Petitioner was again returned to the superior court and by stipulation a hearing was had upon both petitions at the same time. Evidence was offered on behalf of the People and on defendant's behalf, resulting in orders denying both petitions. This appeal is from those orders.

In his opening brief, defendant contends that the court erred in failing to appoint counsel to represent him at the preliminary examination since (he claims) he did not waive any right to be represented by counsel, and only acquiesced in the preliminary hearing because of material misrepresentations made to him by the assistant district attorney.

It appears from the evidence that on January 29, 1949, defendant was charged with the issuance of a check without sufficient funds, in violation of section 476a of the Penal Code. He was duly arraigned in the city court in Hanford. A copy of the proceedings in that court was considered at the hearing. It shows that the magistrate informed defendant of his right to counsel; that defendant requested a continuance of one week for the purpose of employing an attorney, which continuance the court granted; that the defendant stated he thought he had finances "I can get ahold of"; that the court then told him it would be his responsibility to employ an attorney and that defendant acquiesced; that in the meantime defendant apparently notified the assistant district attorney that he desired to take the witness stand and testify at the preliminary hearing and enter a plea of guilty in

the superior court; that arrangements were made and defendant appeared before the magistrate and the assistant district attorney there informed the court that that was defendant's request and defendant fully acquiesced in the statement made by the assistant district attorney. The court informed him he had been granted a continuance to December 9, 1949, at 2 p. m., for the purpose of employing counsel, and he answered in the affirmative. He then asked the defendant if the statement of the district attorney was true and if that was his wish and defendant answered "Yes." He then informed him that anything he might say could be used against him at any future trial and with that understanding he could be sworn and testify. He was sworn and testified pertaining to the passing of the check, and said that at no time had he an account in that bank or credit with it whereby it would be paid upon presentation. He was then asked if the statement he made was voluntary and of his own free will and he answered in the affirmative.

An information was filed in the superior court. Defendant was duly arraigned and he informed the court that he, personally and definitely "waived" the services of an attorney and desired to enter a plea of guilty to the charge.

He now contends that it was the duty of the magistrate to appoint an attorney to represent him at the hearing notwithstanding the fact that at the actual hearing he did not demand such right; that his former request for counsel still stood and that since he did not specifically waive such right he was denied his constitutional right under Amendment VI, United States Constitution and article I, section 13, California Constitution. It is now his position that he was not then represented by counsel; that since his incarceration he has discovered from an examination of the law, that he committed no offense because the check he issued was not dated and that he told the bartender who made it out and cashed it for him that he should hold it until a given time when it would be good. This statement was refuted by the bartender at the previous hearing. In support of his argument he cites such cases as *People* v. *Avilez,* 86 Cal.App.2d 289 [194 P.2d 829]; *People* v. *Shapiro,* 85 Cal.App.2d 253 [194 P.2d 731]; *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310]; and *People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761].

The Avilez case is factually different. There the family of defendant had engaged counsel for him and the court proceeded to hear the preliminary examination by appointing

a public defender in his stead. There the district attorney and the court knew that private counsel had been obtained and failed to inform the defendant of that fact.

Although the facts in the Shapiro case may indicate a more expressed waiver of defendant's right to an attorney at the preliminary hearing, the facts in the instant case clearly indicate that although there was no formal waiver of defendant's right to counsel entered in the minutes, his intention to waive it is manifest from his desire to proceed with the eximanation, knowing of his full rights in the matter, and particularly of his right to counsel at all stages of the proceedings. The fact that he personally waived that right in the superior court indicates, to some extent, what he really intended in respect to his desires in the magistrate's court. Since the defendant never informed the court he was unable to obtain counsel, the trial court was justified in believing that the defendant was financially able to employ his own counsel; and that he was not, as claimed by him, ''a layman in matter of law and knew nothing about due process of law or such constitutional safeguards as the right to have the benefit of the aid and assistance of counsel even to an indigent person at every stage of the proceedings.'' The record indicates that in 1927 he was convicted of a felony and served 15 years in a Texas prison, at which time he was represented by an attorney; that in 1938 he was again convicted of a felony when represented by an attorney; that since his first conviction he has been taken into custody on more than 20 separate occasions for felony or misdemeanor violations, some involving similar charges to that here made; that in most cases he was informed of his right to counsel; and that in one case where he had no lawyer he just ''went over and copped out and went on up.''

From the circumstances related and a reading of the petition for this writ, prepared by defendant in propria persona, it is quite apparent that the court's conclusion that he did have or should have had a fairly good understanding of his constitutional rights in this regard is supported by the evidence. None of defendant's constitutional rights appears to have been violated in this respect. (*People* v. *Crowley,* 13 Cal.App. 322 [109 P. 493]; *People* v. *Campos,* 10 Cal. App.2d 310 [52 P.2d 251]; *People* v. *Harding,* 116 Cal.App. 2d 65, 67 [252 P.2d 1007].) In addition, it has been held that this question may not be raised by a *coram nobis* pro-

ceeding, particularly where one such proceeding has heretofore been determined adversely to defendant. (*People* v. *James*, 99 Cal.App.2d 476 [222 P.2d 117]; *People* v. *Bagasol*, 22 Cal.App.2d 327 [70 P.2d 970]; *Vernon* v. *Rappaport*, 25 Cal.App.2d 281, 283 [77 P.2d 257].)

Next, defendant accuses the assistant district attorney of making certain representations to him before the preliminary examination inducing him to take the stand and testify without the aid of counsel, and to enter a plea of guilty. He charges that although the district attorney made him no promises, he did tell defendant in November that since he was unable to obtain counsel he would be forced to "lay over in jail" through the spring term of court; that if he would plead guilty he would recommend to the adult authority the minimum sentence and that the district attorney failed to do so.

The assistant district attorney testified that defendant called him to the jail, and in the absence of the parole officer informed him that the parole officer wanted the district attorney to drop the charges and that they would be handled as a parole violation; that defendant had before that time told the parole officer the district attorney wanted to drop the charges and handle it as a parole violation; that he then told the defendant he was trying to "play both ends against the middle" and that he did not intend to dismiss the charges under such arrangements; that he intended to prosecute him; that he made no promises to defendant nor any statements as to any recommendation for a minimum sentence, and that defendant indicated to him he wished to go over and testify as shown in his statement to the magistrate; that he did not recall in the conversation saying anything about "laying over until springtime" and that there was no question brought up about that subject.

It is defendant's contention in this regard that defendant's uncontradicted testimony shows that the assistant district attorney did represent that defendant would have to remain in jail until the spring unless he took the stand and testified against himself at the preliminary hearing, since his testimony is opposed only by the statements of the assistant district attorney and that he did "not recall" such a statement being made. The testimony of the defendant is sufficiently denied so as to create a conflict in this respect. The trial court had the right to consider this evidence and the weight to be given to defendant's testimony under the circumstances

related. The conclusion of the trial court is sufficiently supported by the evidence. (*People* v. *Savin,* 37 Cal.App.2d 105 [98 P.2d 773].)

Likewise, no sufficient ground is established for ordering petitioner's release on habeas corpus. ■ No appeal lies by a defendant from an order of the superior court denying a writ of habeas corpus. The right of appeal from such an order is limited by section 1506 of the Penal Code. The attempted appeal therefrom must be dismissed. (*People* v. *Schunke,* 102 Cal.App.2d 875 [228 P.2d 620].)

Attempted appeal from order denying writ of habeas corpus dismissed. Order denying writ of error *coram nobis* affirmed.

Barnard, P. J., and Mussell, J., concurred.