[Crim. No. 2356. Second Appellate District, Division Two.—April 6, 1933.]

THE PEOPLE, Respondent, v. MAX FIELDS, Appellant.

Nathan O. Freedman and A. Wm. Christlieb for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

STEPHENS, J.—The appellant had pleaded guilty to the offense of possession of a still, a felony, had been granted probation, was given a hearing after appearing on a bench warrant and his probation was revoked. He was thereupon

duly adjudged guilty and sentenced. His appeal here is upon the points that in revoking the probation the court acted arbitrarily and in excess of and contrary to accepted principles of judicial discretion, and that the facts elicited at the hearing were insufficient.

The facts are not with appellant. The court inquired exhaustively into whether or not the probationer had been frequenting gambling places and as to whether or not he had driven a man to San Francisco under very suspicious circumstances. The man had been shot in the leg and was under police suspicion of having been involved in a murder.

The best that can be said of the evidence so far as appellant, is concerned is that it was conflicting. █ Under section 1203 of the Penal Code the discretion of the court to revoke an order of probation is very broad. The hearing therein provided for is not required to be had under the fixed rules of a trial for an offense committed. The probationer stands before the court guilty of having committed an offense against the state. He has been granted an extraordinary relief from suffering the penalty of his offense because the court believed he would remold himself into a good citizen.

█ The court having revoked the order of probation upon evidence that could reasonably be taken as showing the probationer unworthy of the relief that had been granted him, as was done in this case, such order will not be disturbed upon appeal.

The judgment is affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.