[Crim. No. 1129.    Fourth Dist.    Jan. 16, 1957.]

THE PEOPLE, Respondent, v. MARY MARIN, Appellant.

Carl T. Rimbaugh for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged with the offense of presenting false claims to the county welfare department (Pen. Code, § 72) a felony. She entered a plea of not guilty and subsequently withdrew this plea and entered a plea of guilty of violating section 532a of the Penal Code, a misdemeanor and a claimed included offense. The court granted defendant's application for probation on condition that she serve 60 days in the county jail and make restitution or reimbursement to the county in the sum of $544, or "in such amount as the Probation Officer determines." She served the 60 days.

The grounds of appeal are that the order for reimbursement as to the amount is not definite and certain; that the ascertainment of the amount is improperly delegated to the probation officer, and accordingly unauthorized; that the requirement of reimbursement is contrary to law and that the evidence is insufficient to support the finding in the amount determined.

The court was authorized to and did fully consider the probation officer's report reviewing the facts and history of the case and recommending the action taken by the court. (Pen. Code, § 1203; *People* v. *Giles*, 70 Cal.App.2d Supp. 872 [161 P.2d 623].)

Counsel for defendant, in his brief, attempts to review the evidence which he contends would show that all of the sum of $544 was not illegally collected by virtue of certain alleged claims in reference to defendant's marital status and the

number of occupants in the house at the time, and has lodged the record of the testimony taken at the preliminary examination with this court in proof of this claim. He moved to allow its consideration in evidence on this appeal. We have examined it and found no evidence that would assist us in determining the legal issue here presented. Accordingly, the motion should be denied. Suffice it to say, the evidence before the trial judge warranted imposing the order of restitution in the amount indicated. (Pen. Code, § 1203.1; *People* v. *Labarbera,* 89 Cal.App.2d 639, 643 [201 P.2d 584].) ▮ It was the purpose and intent of the trial judge, as gleaned from the record, that this amount would be the maximum, and if defendant could convince the probation officer that a lesser amount was due, this sum might be reduced accordingly. Under these circumstances, no prejudicial error resulted. (*People* v. *Lippner,* 219 Cal. 395 [26 P.2d 457].) ▮ The trial court, during the time of probation, upon proper showing, is authorized to modify its original order. (*People* v. *McClean,* 130 Cal.App.2d 439 [279 P.2d 87].) It appears that defendant was afforded a fair hearing on her application for probation, and defendant's contentions were there fully set forth in respect to the recommended order of restitution. Furthermore, it may be well questioned whether the notice of appeal was filed within the time prescribed by law.

Motion to receive transcript of preliminary examination in evidence denied. Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.