323 P.2d 200]

[Crim. Nos. 6014, 6015.    Second Dist., Div. Three.    Mar. 28, 1958.]

THE PEOPLE, Respondent, v. FRANK BROES, SR., Appellant.

[Two Cases.]

William M. Sarnoff and Samuel C. McMorris for Appellant.

Edmund G. Brown, Attorney General, William E. James and Albert Bianchi, Deputy Attorneys General, for Respondent.

SHINN, P. J.—Frank Broes, Sr., has noticed appeals from two judgments rendered following an order revoking probation in each case, which had been extended to him following his conviction of separate offenses of felonies. May 14, 1954, in case Number 163799, Broes pleaded guilty to a charge of violation of the Dangerous Weapons' Control Law, Deering's General Laws, Act 1970, section 1. On June 10, 1954, proceedings were suspended and Broes was put on probation for three years and fined the sum of $200. March 21, 1955, in case Number 166468, appellant was found guilty of two offenses of grand theft. (*People* v. *Broes,* 138 Cal.App.2d 843 [292 P.2d 556].) Proceedings were suspended and he was granted probation for five years on condition that he make restitution and pay a fine of $1,000. Among the terms of probation he was directed to report to the probation officer as directed; his business activities were to be under the supervision of the probation officer and he was to report to the officer his activities, income and expenses. The conviction under each count was to run concurrently as to the probation period.

May 14, 1957, the probation officer filed a report in each case recommending that probation be revoked and sentence pronounced. A hearing was set for May 16, 1957. On June 4, 1957, in case Number 163799, the court made a minute order "Violation of probation filed. Probation revoked. Bench Warrant issued." An order was made June 11th "Bench Warrant is recalled. Defendant is released on his own recognizance." June 13th another order was made "Probation is revoked and defendant is sentenced as indicated." On the same day in case Number 166468 an order was made "Probation is revoked and defendant is sentenced as indicated." The sentence under case Number 163799 was ordered to run concurrently with the sentence in case Number 166468.

It is contended by the appellant that his probationary period expired June 10, 1957, in case Number 163799, that the order made on June 4th was in some manner nullified by the orders of June 11th and 13th and that the later order

was void as having been made after expiration of the probationary period. And it is contended that probation not having been revoked prior to June 10th, the court was without authority to impose sentence. Upon this point appellant cites *People* v. *O'Donnell*, 37 Cal.App. 192, 194 [174 P. 102].

We have no reason to question the effectiveness of the order of June 4th. The order of June 11th recalling the bench warrant and releasing defendant on his own recognizance and the further minute order ordering probation revoked as of June 13th did not have the effect of revoking the former order. The later order was an unnecessary duplication of the earlier one.

The order revoking probation in case Number 166468 was made within the five years' probationary period. It is contended with respect to this order and the order in Number 163799 that they constituted an abuse of discretion. It appears from the minutes in each case that defendant was present on June 13th and that he was represented by counsel. The grounds upon which the claim of abuse of discretion are asserted are obscure. It is contended that the report of the probation officer contained many misstatements of fact which could have been refuted by appellant had he had an opportunity to do so. He says he had not seen nor been advised as to the contents of the report and had no knowledge of its contents until some time after the orders of revocation.

Upon appellant's application, we ordered the probation report transmitted to this court as a part of the record on appeal. It is conceded by appellant that if the statements in the report were true the facts constituted sufficient reason for revocation of probation. It was stated in the report that appellant last reported to the probation officer January 14, 1957, and that he maintained toward the probation department an uncooperative, hostile and aggressive attitude. There was nothing in the record to indicate that appellant and his counsel did not know that the reports were on file in ample time to have controverted any alleged misstatements therein. They were on file for three weeks before the court acted upon either of them. Although an order was made for filing as part of the record on appeal an affidavit of defendant in which a copy of the probation report in Number 166468 was identified and to which it was attached, the court has not accepted as evidence or considered the averments of the affidavit tending to contradict the statements in the report. No

cause has been shown for disturbing the judgments appealed from.

The judgments are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1958.