[Crim. No. 6747. Second Dist., Div. One. Aug. 26, 1960.]

THE PEOPLE, Respondent, v. MONTE G. MASON, Appellant.

184

■■■■■■ ■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

Russell E. Parsons and Edward I. Gritz for Appellant.

. Stanley Mosk, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from the judgment, an attempted appeal from an order revoking probation filed on February 25, 1959, and an attempted appeal from an order denying a motion to vacate and set aside a judgment entered on February 24, 1959.

In an information filed in Los Angeles County on or about April 28, 1947 (Case No. 112872), Mason was charged in two counts (I and VIII) with committing grand theft of the sums of $1,500 and $5,000 respectively, and in seven counts with violating the Corporate Securities Act in making unpermitted sales of stock to individuals for profit.

In a trial which started before Judge Landreth on September 5, 1947, the defendant was found guilty as charged with the exception of Count II which had to do with an alleged violation of the Corporate Securities Act.

The defendant made an application for probation and the hearing on the application and the pronouncement of judgment and sentence was set for September 26, 1947. The probation officer made an investigation and report and recommended that the application for probation be denied.

The probation officer commented in his report as follows: ". . . he appears to have been playing on the fringes of law violation over a period of several years. It is without a doubt that he is a capable man, has a good personality, is in all probability a hard worker and is possessed of many other favorable traits and abilities, but it appears that he has been living far beyond his means and has been doing so by securing and receiving money from people without giving value received. The

defendant expresses no remorse for his activities and it appears that he has no means of making restitution.''

Probation was denied and Judge Landreth, who heard the case sentenced the defendant to the state prison on November 7, 1947.

The judgment was appealed to this court and was affirmed in *People* v. *Mason,* 86 Cal.App.2d 445 [195 P.2d 60] on June 29, 1948.

The defendant reapplied for probation in the trial court after the affirmance of the judgment. Judge Ambrose of the trial court permitted the application to be made and the hearing was set for September 28, 1948. In the report of the probation officer at that time it is set forth that the defendant had ''. . . presented a written statement attached hereto in which he has covered some of the points covered in the above paragraph and in addition states, 'My brother-in-law has offered to loan me from $500 to $1000 per month to pay on these accounts until fully paid. I have explained the situation to him and he is willing to help, starting immediately.' ''

That report further stated ''. . . it appears to the Probation Officer that he has not satisfactorily explained sufficient income from all sources to have taken care of the financial obligations that he has apparently met recently and for the past year. It is true that he has now presented a plan of restitution but only through intangible and imaginary income possible if all of his dreams come true. The defendant now expresses some remorse over his former activities but in the next breath justifies his actions. The greatest reason for considering probation in this matter would be for a matter of restitution and this possibility is so remote that it almost seems improbable if not impossible.'' The probation officer recommended that probation be denied.

At the hearing on January 4, 1949, before Judge Ambrose the judge ordered that the sentence to the state prison pronounced on November 7, 1947, be suspended and the defendant was granted probation for a period of 10 years under the conditions, among others, that ''. . . Defendant must make restitution for all claims as directed by the Probation Department in the sum of not less than $300 per month. Any default of this sum is to be reported to the Court by the Probation Department. The defendant must follow the usual conditions of the Probation Department.''

In a supplemental report (dictated on December 11, 1958) filed on December 15, 1958, the probation officer set forth that

the court had theretofore been advised (*i.e.* on July 1, 1958) that the defendant had been indicted in San Luis Obispo County for violating the Corporate Securities Act and that he was at that time on trial in the Superior Court in Los Angeles County (Case No. 197622) for similar offenses. The report further set forth that the probationary period would expire January 3, 1959; that the defendant had continued to pay $300 a month toward a total restitution of $62,317.33 and then owed about $27,000. It was recommended by the probation officer that probation be revoked and the hearing on the violation be continued to February 17, 1959, for further report.

In another supplemental report (dictated on December 15, 1958), filed on December 16, 1958, the probation officer advised the court that the jury had brought in a verdict of guilty on December 14, 1958 (Case No. 197622) on the charges set forth in the information filed in Los Angeles County, namely grand theft of $15,000 and seven counts of violating the Corporate Securities Act and a conspiracy charge. The probation officer recommended that "defendant be found in violation of probation, that probation be revoked and sentence imposed." On December 16, 1958, the defendant was present in court with his counsel and Judge Ambrose *revoked the probation.* Hearing on the violation was continued to January 20, 1959, and ultimately to February 24, 1959. On February 24, 1959, Judge Walker ordered that "probation is revoked" and sentenced the defendant to the state prison on all counts in Case Number 112872, the sentences to run concurrently with the sentences imposed in Case Number 197622.

On February 25, 1959, the defendant filed a notice of appeal from the judgment (of February 24, 1959) of conviction and "from the Order revoking probation."

On May 1, 1959, the appellant moved the court to set aside the order and judgment of February 24, 1959, and further made a motion for a writ of habeas corpus. Each such motion was denied.

Appellant has attempted to appeal from the order of May 1, 1959, denying the motion to set aside and vacate the judgment.

Appellant now contends: (1) The court was without jurisdiction to order unlimited restitution to be paid through the probation officer at not less than $300 per month as a condition of probation; (2) The court exceeded its jurisdiction by revoking probation and ordering the suspended sentence in full force and effect after the expiration of the full term of the judgment and sentence originally pronounced; (3) The court erred

in denying the defendant's motion made after judgment to set aside the void order revoking probation and ordering the original judgment and sentence into full force and effect.

■ The appellant asserts that the order of probation was lacking in due process for the reason that the probation officer and not the court set the amount which the defendant was to pay to his victims. Defendant asserts that this court should order the probation department to return to him substantially all of the sums which he has paid in to the probation department for restitution to his victims. Even if the condition to make restitution and to pay not less than $300 per month on such accounts was void (and we do not think that it was so void) it would not necessarily mean that the entire order of probation was void. ■ Conditions not authorized by law are severable from and do not affect the valid conditions of the order. (*People* v. *Ramos*, 80 Cal.App. 528 [251 P. 941].)

■ The condition imposed in this case was obviously satisfactory to the defendant until the time of his conviction in the proceedings in Case Number 197622. He never complained of the order to make the payments and he did make the payments as indicated which he himself in effect proposed to the end that he would not have to go to the state prison as the court had theretofore ordered. Furthermore, the trial court, during the time of probation, upon a proper showing, is authorized to modify the order granting probation. Had the defendant been of the mind that the payments he was making were not entirely correct he should have made a showing during the 10-year period to that effect. His silence and the making of the payments would indicate that in his opinion the order was proper and that he was satisfied. ■ The order of probation should be considered not by itself but as a part of the entire record. (*People* v. *Marin*, 147 Cal.App.2d 625, 627 [305 P.2d 659].) ■ At the time the court heard the defendant's motion on reapplication for probation there were on file reports of the probation officers which indicated that various persons who had been swindled by the defendant had claims in excess of $62,700 and that defendant had indicated he could secure from relatives loans of $500 to $1,000 per month to apply on the accounts until the same were paid. We presume that the court had in mind the claims involved and set a *minimum* amount to be paid each month toward restitution. There is a presumption that official duty has been regularly performed and that the proceedings have been regular. (*People* v. *Wilkins*, 169 Cal.App.2d 27, 30 [386

P.2d 540] ; Code Civ. Proc., § 1963, subd. 15.) It has
been held that cases involving the Corporate Securities Act
are proper ones for restitution. (*People* v. *Sidwell*, 27 Cal.
2d 121, 129-130 [162 P.2d 913] ; *People* v. *Lippner*, 219 Cal.
395, 397-400 [26 P.2d 457].)

In *In re Martin*, 82 Cal.App.2d 16, 19 [185 P.2d 645],
the court appropriately stated:

"The defendant may not apply for, consent to and take ad-
vantage of favorable terms of probation, even though he was
not lawfully entitled thereto, and then, after probation has
been duly revoked for violation thereof, challenge, for the
first time, on habeas corpus, the right of the court to pronounce
sentence, since the time was extended at his request. That
would result in a travesty of justice."

Considering next the appellant's contention to the
effect that the court exceeded its jurisdiction by revoking the
probation and ordering the suspended sentence in full force
and effect, appellant seems to believe that the court exceeded
its jurisdiction on December 16, 1958, when it revoked the
probation because as he now states there was no determination
then made whether probation had been violated; he further
asserts that a revocation is invalid when not based on a finding
that there was a violation of its terms and when the hearing
thereon is put over at the suggestion of the probation officer to
a time beyond the expiration date of the probation. Sections
1203.2 and 1203.3 of the Penal Code are in part set forth in
the footnote.[1]

---

[1]Section 1203.2:
"At any time during the probationary period of the person released
on probation in accordance with the provisions of these sections, any
probation or peace officer may without warrant, or other process, at any
time until the final disposition of the case, rearrest any person so placed
on probation under the care of a probation officer, and bring him before
the court, or the court may in its discretion issue a warrant for the re-
arrest of any such person and may thereupon revoke and terminate such
probation, if the interests of justice so require, and if the court in its
judgment, shall have reason to believe from the report of the probation
officer, or otherwise, that the person so placed upon probation is violating
any of the conditions of his probation, or engaging in criminal practices,
or has become abandoned to improper associates or a vicious life. Upon
such revocation and termination the court may, if the sentence has been
suspended, pronounce judgment after said suspension of the sentence
for any time within the longest period for which the defendant might
have been sentenced, but if the judgment has been pronounced and the
execution thereof has been suspended, the court may revoke such sus-
pension, whereupon the judgment shall be in full force and effect, and
the person shall be delivered over to the proper officer to serve his sen-
tence, less any credits herein provided for. If probation has been revoked
either before or after judgment has been pronounced, the order revoking
probation and the judgment, if any, may be set aside for good cause upon

It was said in *In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403] as follows:

"There is neither a constitutional nor a statutory right to a hearing preceding revocation of probation. (*In re Davis,* 37 Cal.2d 872, 873-874 [236 P.2d 579].) If a hearing is held, it is not governed by the rules concerning formal criminal trials. The court may revoke probation solely on the basis of the probation officer's report. (*In re Dearo,* 96 Cal.App.2d 141, 143 [214 P.2d 585].) There is no right to present witnesses. (*People* v. *Hayden,* 99 Cal.App.2d 97, 99 [221 P.2d 221].) The constitutional right to have counsel in 'criminal prosecutions' (art. I, § 13) is not applicable since a probation proceeding is not part of a 'prosecution.' (*In re Dearo, supra,* 96 Cal.App.2d 141, 143; *People* v. *Fields,* 88 Cal.App.2d 30, 33 [198 P.2d 104].)"

And, in *In re Davis,* 37 Cal.2d 872, 873 [236 P.2d 579] it is said:

"We are satisfied that there is neither a constitutional nor a statutory right to notice and hearing preceding revocation of probation. The federal Constitution does not give such a right. (*Escoe* v. *Zerbst* (1935), 295 U.S. 490, 492 [55 S.Ct. 818, 79 L.Ed. 1566].) And we do not believe that section 13 of article I of our state Constitution should be held to give petitioner a greater right in this respect than he is accorded under the federal Constitution, for under our law, as under the federal law, probation is not a right but a privilege (see

---

motion made before pronouncement of judgment or, if judgment has been pronounced, within 30 days after the court has notice that execution of the sentence has commenced. If an order setting aside the judgment or the revocation of probation or both is made after the expiration of the probationary period, the court may again place the defendant on probation for such period and with such terms and conditions as it could have done immediately following conviction." [Added by Stats. 1935, p. 1709; Am.Stats. 1957, ch. 331, § 1.]

Section 1203.3:

"The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, but no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections." [Added by Stats. 1935, ch. 604, p. 1709, § 4; Am.Stats. 1937, ch. 511, p. 1501, § 2.]

*People* v. *Williams* (1944), 24 Cal.2d 848, 855 [151 P.2d 244] ; *Escoe* v. *Zerbst, supra*). Unlike the federal statute, which contains the mandatory provision that a rearrested probationer 'shall' be taken before the court (18 U.S.C.A. § 3653; *Escoe* v. *Zerbst, supra,* p. 493 of 295 U.S.), our statute provides that he 'may' be taken before the court (Pen. Code, § 1203.2).

". . . . . . . . . . . . .

". . . We are satisfied that neither the Constitution of the United States nor that of California precludes ex parte revocation of probation.

"We have also concluded that, in the absence of express statutory procedural regulations, the administration of justice is better served by permitting ex parte revocation of probation than by absolutely requiring notice and hearing. Factual situations presented in *People* v. *Williams* (1944), *supra,* 24 Cal.2d 848, and *People* v. *O'Donnell* (1918), *supra,* 37 Cal.App. 192, illustrate the evils which could accrue from that requirement. In such cases, if notice and opportunity to be heard were required, a probationer who was imprisoned in another state or who evaded arrest or service of notice until the period of his probation had expired would pass beyond the jurisdiction of the court to impose sentence or to require execution of a previously suspended sentence, even though he had shown that he was not a fit subject for probation."

Where probation is revoked during the term of probation, as was done in this case, the defendant may, if he has not previously been sentenced, be brought into court after the term of probation has expired and be sentenced. (*People* v. *Hunter,* 42 Cal.App.2d 87 [108 P.2d 472] ; *People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244] ; *People* v. *Tibbits,* 60 Cal.App.2d 335 [140 P.2d 726] ; *People* v. *Brown,* 111 Cal. App.2d 406 [244 P.2d 702] ; *People* v. *Broes,* 159 Cal.App.2d 1 [323 P.2d 200].) Where the judgment had been pronounced and then suspended upon the granting of probation, probation may be revoked without notice and the defendant ordered committed according to the terms of the judgment. (*In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].)

In the case of *People* v. *Hunter, supra,* 42 Cal.App.2d 87, the term of probation expired on May 9, 1939. On May 1, 1939, the court made an ex parte order revoking probation, based upon the report of the probation officer and defendant's violation of the rules. The hearing on the violation took place on April 8, 1940, following which the defendant was sentenced. The court said among other things at pages 91-92 that:

"The authority to revoke a prisoner's probation does not even depend upon his violation of the specific conditions of the probation. The order suspending his sentence may be set aside if the court has reason to believe from the report of the probation officer or otherwise that he is associating with lawless or improper persons or that he is engaged in criminal practices. (*In re Young,* 121 Cal.App. 711 [10 P.2d 154] ; *People* v. *Fields,* 131 Cal.App. 56 [20 P.2d 988].) Upon the revocation of his probation, defendant stood before the court guilty of his crimes. He had failed to re-establish himself as a worthy citizen of the state. It was the duty of the court to sentence him to a penal institution. The fact that defendant was committed at a time subsequent to the expiration of the period of his probation is immaterial. His probation had been revoked prior to the expiration of the probationary term. The court having found no reason to vacate the order of revocation, it was valid notwithstanding the fact that appellant was not present at the time of its entry on May 1, 1939. (*Sullivan* v. *Superior Court,* 185 Cal. 133, 139 [195 P. 1061].) We see no reason to interfere with the exercise of its discretion by the trial court.''

The jurisdictional fact is the timely revocation of probation. (*People* v. *Williams, supra,* 24 Cal.2d 848, 854.)

 The court in this case by supplemental reports of the probation officer was told of the defendant's trial and of his having been found guilty of the charges in Case Number 197622. The conviction of the defendant of the charges in the case last mentioned was a matter of public record at least one day before the order of revocation was made. The defendant was in court with his attorney on December 16, 1958, and each of them knew that the jury in Case Number 197622 had returned a verdict of guilty on the charges set forth in that case, with the exception of one count on December 14, 1958. Certainly the conviction of the charges warranted the revocation of the probation. There is no reason to believe that there was any irregularity in the proceedings. Indeed there is the presumption to the contrary. (Code Civ. Proc., § 1963, subd. 15.)

 The last of the appellant's contentions is that the court erred in denying defendant's motions made after judgment to set aside the order revoking probation. As heretofore noted, defendant appealed from the judgment ordered on February 24, 1959. The notice of appeal from that judgment was filed on February 25, 1959. It was on May 1, 1959, that defendant made his motion ''to set aside and vacate that order

and judgment made and entered herein on February 24, 1959, which said order revoked probation theretofore granted and put into full force and effect a judgment theretofore rendered . . .'' As an alternative the defendant requested in effect that if the motion was denied that the application be considered a petition for a writ of habeas corpus. The motion and the writ were denied. The notice of appeal from that order was filed May 1, 1959.

''The effect of an appeal is to remove from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, and it therefore has no power to vacate or set it aside.'' (*People* v. *Helsley,* 41 Cal.App.2d 935, 939 [108 P.2d 97].)

There was as noted an appeal pending from the judgment at the time the motion to set it aside was heard.

If the motion is construed as a petition for a writ of habeas corpus in the alternative then an appeal therefrom is of no avail to the defendant because no appeal lies by the petitioner from an order of the superior court denying a writ of habeas corpus. (*People* v. *Ryan,* 118 Cal.App.2d 144, 149 [257 P.2d 474].)

It is stated in *People* v. *Robinson,* 43 Cal.2d 143, 145 [271 P.2d 872] : ''While under the 1951 amendment an order granting probation is expressly designated a 'final judgment' for the purpose of appeal (*People* v. *Haeussler,* 41 Cal. 2d 252, 254 [260 P.2d 8] ; *People* v. *Brown,* 114 Cal.App.2d 52, 53 [249 P.2d 595] ; *People* v. *Sumner,* 117 Cal.App.2d 40 [254 P.2d 598] ), a subsequent order revoking probation does not thereby become an 'order made after judgment, affecting the substantial rights of the party' and so appealable. (Pen. Code, § 1237, subd. 3.) To hold otherwise would give the 1951 amendment greater scope than its language would reasonably support in its limited extension of a defendant's right to appeal from a theretofore nonappealable order. (3 Cal.Jur.2d, § 86, p. 536.) Rather, it would appear that upon entry of judgment in a case *following* the order revoking probation, the latter order does not gain any added stature by reason of the 1951 amendment because made after the order granting probation but it remains, as before, an intermediate order reviewable on appeal from the judgment. (*People* v. *Boyce,* 99 Cal.App.2d 439, 442 [221 P.2d 1011].) Of course, an order revoking probation made *after* entry of judgment is appealable within the express terms of subdivision 3, section

1237, of the Penal Code. (*People* v. *Martin*, 58 Cal.App.2d 677, 678 [137 P.2d 468].)''

It is clear that the probation in question was revoked on December 16, 1958, well within the unexpired time limit.

We find no error in the record. The judgment of conviction is affirmed.

The attempted appeal from the order revoking probation is dismissed.

The attempted appeal from the order denying the motion to set aside the judgment is dismissed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied September 12, 1960, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1960.