[Crim. No. 3351.   Third Dist.   Oct. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD WILSON, Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Harold Wilson, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Edward A. Hinz, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

PEEK, P. J.—By information defendant was charged in Count One with a violation of section 10851 of the Vehicle Code (auto theft) and in Count Two with a violation of section 449a of the Penal Code (arson). He pleaded guilty to both counts and applied for probation. His application was granted subject to certain conditions and imposition of judgment was suspended.

Shortly thereafter, proceedings were instituted to revoke defendant's probation upon the grounds that he had committed certain acts in violation thereof. Pursuant to a motion made by the district attorney a somewhat lengthy hearing was held. At the conclusion of the state's case, counsel for defendant requested that defendant be referred to the California Medical Facility at Vacaville for diagnosis and treatment, in accordance with the provisions of section 1203.03 of the Penal Code. His motion was granted and the case continued until the report of the Medical Facility was received.

When the case was again called, the court stated that after consideration of the evidence which had been produced and the report of the Medical Facility, it was the conclusion of the court that probation should be revoked and that defendant be confined for the term prescribed by law on each count as charged in the information. Judgment was entered accordingly and this appeal followed.

Defendant's request for counsel to represent him on his appeal was denied after this court had made independent investigation of the record and concluded that appointment of counsel would neither be advantageous to defendant nor helpful to the court.

The appeal of defendant, who now appears in propria per-

sona, is solely an attack upon the action of the court in revoking his probation. No question is raised concerning the judgment.

■ For all practical purposes, the case thus poses a problem comparable to that which was before the court in *People* v. *Robinson,* 43 Cal.2d 143 [271 P.2d 872]. There, as here, there was a guilty plea, a revocation of probation, an entry of judgment on the original offense, and, in effect, an appeal from the revocation of probation. The court noted that in the interest of justice the rules of appeal should be liberally construed to permit a hearing on the merits and therefore considered the appeal as from the judgment, thereby allowing it to review the revocation as an intermediate order.

The record herein reveals that defendant assaulted jail officers, causing personal injuries, and destroyed county property, all of which was admitted by him while testifying in his own behalf. ■ It is well established that probation is not a matter of right; it is an act of clemency which may be withdrawn if the privilege is abused. (*In re Bine,* 47 Cal.2d 814 [306 P.2d 445].) ■ There is neither a constitutional nor a statutory right to a hearing preceding the revocation of probation. (*In re Bine, supra;* Penal Code, § 1203.1.) ■ Thus, "The court may revoke probation solely on the basis of the probation officer's report." (*In re Levi,* 39 Cal.2d 41, 44 [244 P.2d 403].) ■ Although the court has a wide range of discretion in imposing or modifying the terms of probation, "it may not act arbitrarily or capriciously." (*In re Bine, supra,* at p. 817.) ■ However, here the court heard testimony for two days, during which defendant was represented at all times by counsel, and then not until after a report from the Medical Facility had been received and considered was his probation revoked and sentence imposed. Therefore where, as here, the evidence clearly establishes that defendant has violated the terms of his probation, it cannot be said that the court has abused its discretion in revoking the probation and imposing judgment.

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.