**Monte G. MASON, Appellant,**

v.

**Walter DUNBAR, Director of Corrections, State of California, and John H. Klinger, Superintendent, California Men's Colony, Los Padres, Appellees (two cases).**

**Nos. 18360, 18361.**

United States Court of Appeals Ninth Circuit.

Feb. 13, 1963.

Rehearing Denied May 29, 1963.

Monte G. Mason, appellant, in pro. per.

Stanley Mosk, Atty. Gen., William E. James, Asst. Atty. Gen. and Norman H. Sokolow and Louis L. Selby, Deputy Attys. Gen., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

PER CURIAM.

*Number 18,360*

Appellant appeals from a refusal to grant him a writ of habeas corpus.

Appellant is in custody of appellees at the California Men's Colony, Los Padres, California, pursuant to a judgment rendered by the Superior Court of the State of California for the County of Los Angeles. He was convicted of two counts of grand theft and six counts of violating the Corporate Securities Act in that he made unpermitted sales of stock to various persons for profit. Upon con-

viction, appellant was sentenced to be imprisoned for the term prescribed by law. The conviction was affirmed. People v. Mason, 86 Cal.App.2d 445, 195 P.2d 60.

Thereafter, upon motion of appellant, execution of sentence was suspended and probation was granted on January 4, 1949, conditioned on appellant making restitution and following the usual conditions of the probation department. The probationary period was ten years. People v. Mason, 184 Cal.App.2d 182, 185, 7 Cal.Rptr. 525.

On December 16, 1958, appellant's probation was revoked. On February 24, 1959, a hearing on an alleged violation of the terms of appellant's probation (the violation is the subject of the companion case in No. 18,361) was held. Probation was revoked and appellant was sentenced to be imprisoned for the term prescribed by law. (A copy of the judgment is attached to Appellant's Opening Brief, at p. 74, as Exhibit "A 5" and is incorporated herein by reference and made a part hereof as though fully set forth.) People v. Mason, supra, 184 Cal.App. 2d 182, 186, 7 Cal.Rptr. 525.

An appeal from said judgment was taken to the District Court of Appeal of the State of California in and for the Second Appellate District, Division One. In that appeal the precise issue presented in the application for a Writ of Habeas Corpus, below, was presented and decided adversely to appellant's contention. After a full hearing, by unanimous decision the District Court of Appeal affirmed the judgment. The opinion is reproduced in People v. Mason, supra. A rehearing was denied on September 12, 1960, and a hearing was denied by the Supreme Court of California on October 19, 1960. Appellant's application for a writ of certiorari was denied without opinion, April 24, 1961, by the United States Supreme Court in 366 U.S. 904, 81 S.Ct. 1046, 6 L.Ed.2d 203.

In his application for a Writ of Habeas Corpus, appellant contended that he was deprived of his liberty in violation of the due process guaranty of the Fourteenth Amendment to the Federal Constitution when the sentencing court revoked his probation and imposed sentence after the expiration of the probationary period. (The District Court of Appeal found that appellant's probation was *revoked* on December 16, 1958, well within the probationary period. People v. Mason, supra, 184 Cal.App.2d 182, 186, 188, 7 Cal.Rptr. 525.)

The basis of the due process argument was that the trial court, under California law as enunciated in Penal Code, Sections 1203.2 and 1203.3 and as construed in the decisions of California appellate courts, was in excess of its jurisdiction in *imposing* sentence after the expiration of the probationary period. The District Court of Appeal found "The jurisdictional fact is the timely revocation of probation."

■ The appellate courts of the State of California have consistently construed the statutory law of California as permitting a hearing to the probationer after the expiration of the probationary period providing there was a timely revocation. See, People v. Williams, 24 Cal. 2d 848, 151 P.2d 244; People v. Hubert, 204 A.C.A. 686, 687, 22 Cal.Rptr. 450; People v. Mason, supra, 184 Cal.App.2d 182, 7 Cal.Rptr. 525.

■ It is fundamental that the interpretation of local law by a state's highest tribunal is binding upon the Federal courts in a habeas corpus proceeding. Paterno v. Lyons, 334 U.S. 314, 319, 68 S. Ct. 1044, 92 L.Ed. 1409.

■ No substantial Federal question having been presented by the petition herein, the district court's dismissal of the petition, and its refusal to issue a writ of habeas corpus, are each affirmed.

*Number 18,361*

■ Appellant is a State court prisoner. He appeals from the denial in the district court of a petition for a writ of habeas corpus. He was convicted of conspiracy on one count; of violating the Corporate Securities Act of the State of

California on seven counts; and of grand theft on one count.

He moved for a new trial, and in arrest of judgment, after the guilty verdicts were returned upon the ground the indictment was defective and for lack of jurisdiction.

What next occurred appears in the official California Reports, People v. Mason, 184 Cal.App.2d 317, 7 Cal.Rptr. 627. This was at the hearing in the Superior Court of the State of California of appellant's two motions, one for a new trial, one for arrest of judgment.

After the trial court stated he had "considered all your points and authorities," he stated: "The motion will be denied." This can only mean, says appellant, that his motion for new trial was denied, but that his motion in arrest of judgment was never acted upon.

This point was specifically raised by appellant on appeal, and specifically passed upon, and found to be of no merit. (Key Point 11a, 184 Cal.App.2d 317, 358–359, 7 Cal.Rptr. 627.) A petition for rehearing was denied. A petition for hearing before the California Supreme Court was denied. His petition for a writ of certiorari from the Supreme Court of the United States was denied. 366 U.S. 904, 81 S.Ct. 1046, 6 L.Ed.2d 203.

He raises the same point in this petition for a writ of habeas corpus, and alleges he has suffered a loss of due process protected by the Fourteenth Amendment of the Federal Constitution.

Appellant has supplied no factual basis for his contention. Even were he able to do so, and the California Superior Court had in fact failed to rule against his motion in arrest of judgment, it appears from the above mentioned decision appellant had the opportunity to raise such point before his sentence, and failed to do so. Thus he was denied no due process. There exists no Federal question.

The denial of the petition for a writ of habeas corpus is affirmed.