[Crim. No. 3351.   Third Dist.   Nov. 5, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD WILSON, Defendant and Appellant.

Peter G. Fetros, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Raymond M. Momboisse and Edward A. Hinz, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT.—After a plea of guilty on charges of auto theft and arson, appellant was granted three years' probation. Conditions, *inter alia,* were that he spend one year in the county jail and that he not violate any laws. Imposition of sentence and judgment was postponed. Thereafter, the order of probation was revoked for violations of conditions hereinafter to be stated, and contemporaneously appellant was sentenced to state prison for the term provided by law. (During all these proceedings appellant had been represented by the public defender.) He then appealed to this court in propria persona. Judgment was affirmed in *People* v. *Wilson,* 208 Cal.App.2d 256 [25 Cal.Rptr. 97] (Oct. 5, 1962). The proceedings outlined above are stated with greater particularity in the opinion (of Presiding Justice Peek) therein and the facts are related more fully than we shall state them. After our decision appellant petitioned this court for a writ of habeas corpus grounded upon the contention that he, an indigent appellant, had not had the benefit of court-appointed counsel to assist him upon his appeal. In response to said petition we appointed an attorney to represent him and set the appeal at large by recalling the remittitur. (We also, on petition of appellant, ordered augmentation of the record to include certain reports.) Said reports have been received: a brief has been filed by appellant's attorney; also respondent's reply. These have been considered. Oral argument has been waived. We have discovered nothing to change our original decision.

The opinion heretofore filed and reported fully covers the issue and we readopt it. However, since appellant through his attorney has urged two novel contentions we supplement the earlier opinion by stating these contentions and by answering them specifically. Citing *In re Bine,* 47 Cal.2d 814 [306 P.2d 445], which holds that a trial court may not lawfully revoke probation where no evidence is considered other than that on the basis of which probation had originally been granted, appellant urges that to be the situation here, but it

is not. To the contrary, after probation had been granted appellant breached the conditions thereof. Having been sent to the county jail farm, he assaulted two, and perhaps three, fellow prisoners. He was returned to the county jail where he created a disturbance, assaulted an officer, cursed, spat upon and bit him. He also wrenched a metal washbasin off a cell wall and tore a toilet from the floor of another cell and broke it. All these acts of violence were before the trial court when its order revoking probation were made. They all occurred after the order granting probation. *In re Bine, supra,* is therefore inapplicable.

Appellant's second contention is that the acts of violence just described were made justifiable because of mistreatment of appellant by a jailer. It is true the record shows that this jailer did go into appellant's cell and manhandle him. His excuse that defendant's earlier violent behavior had made such "disciplining" necessary was not accepted by the trial judge who rebuked him severely. However, many of the acts by appellant noted above had *preceded* the jailer's assault. It is apparently appellant's position that acts justifying revocation of probation must be forgiven if an officer thereafter, exceeding his authority, lays hands upon the probation violator. We know of no such rule and appellant cites no supporting authority. We will not assert such a rule here.

The judgment is affirmed.