[Crim. No. 6855.   First Dist., Div. One.   July 11, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FREDERICK RICHARD JONES, Defendant and Appellant.

Steven M. Kipperman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Appellant, Frederick Richard Jones, appeals from orders revoking probation entered in two separate criminal proceedings (Marin County Superior Court Nos. 2297 and 2428) in which state prison sentences had been imposed, execution thereof suspended, and probation granted. In case No. 2297, Jones was convicted of automobile theft (Veh. Code, § 10851). In case No. 2428 he was convicted of assault (Pen. Code, §§ 240-241) upon a peace officer (a jail guard) while serving six months in the Marin County jail as a condition of the probation granted in case No. 2297.

Following his assault conviction resulting from the above-mentioned conduct (case No. 2428), Jones was referred by the court under Penal Code section 1203.03 to the Department of Corrections for a diagnostic study and recommendation. The department recommended that Jones be imprisoned in state prison; however, the trial court suspended such a sentence

and placed him on probation concurrently with the probation of the earlier case No. 2297.

It is contended that the evidence does not support the determination that Jones violated probation.

Jones' record which was before the court showed the following. Prior to the offenses which were the subjects of actions Nos. 2297 and 2428, Jones had been involved in at least seven car thefts. He had a record of assaults on policemen, deputy sheriffs and a teacher. As to action No. 2428 the record shows Jones was in jail on the earlier offense when he directed obscene language at a deputy sheriff. He was ordered to move to another cell which he refused to do. He directed the jailer not to touch him. When an effort was made to forcibly move him, Jones and another inmate commenced an affray in which sheriff's deputies were hit and kicked in the face and elsewhere. During the struggle Jones directed foul language at the officers including the extremely inflammatory two-word expletive concerning one's conduct with a close relative, the instinctive response to which has often led to charges of police brutality. Two deputies received serious injuries in the battle.

At the probation revocation hearing the following was disclosed by direct testimony. On August 4, 1967, police officers in uniform saw Jones and one Burton in an automobile. Burton, who was the driver, failed to stop at a stop sign and a traffic citation was issued to him. Thirty minutes later Burton and Jones drove by another police car. Burton, ''at the top of his voice,'' directed at the officers the two-word obscenity to which we have previously referred. The police followed, stopped the car, and placed Burton under arrest for disturbing the peace. The police began to make out the ''CHP 180'' inventory form in preparation to storing the car. Jones blocked access to the car. The officers asked him to move but he refused. When an officer pushed him aside, Jones struck him in the abdomen with his fist. After a violent scuffle, Jones was subdued and arrested. In taking the inventory the officers found in the glove compartment a fully loaded .25 caliber automatic pistol with a live shell in the barrel. Marijuana debris was also found. It was subsequently learned that the pistol was stolen.

Two weeks later, another officer saw Jones driving an automobile down the middle of a 12-15 foot central section which separated a divided highway. He was traveling about 55 miles per hour in a 35-mile zone. The policeman followed, sounding

a siren and flashing a red light. Jones failed to stop but was finally cornered. He had no driver's license. He was told to wait while the policeman radioed for assistance. Instead, Jones started walking away. When the policeman pursued, Jones struck him in the jaw with his fist. In the ensuing struggle, Jones twice said, "Don't touch me. I don't want to have to kill you." He broke away, followed by the policeman, but was successful in escaping.

On August 27, 1967, the same policeman again saw Jones in an automobile. He informed Jones that he was under arrest on a warrant for battery on a police officer. Jones refused to submit. The officer called two others and with their help effected the arrest. When arrested, Jones directed the twice-before mentioned expletive at the officers.[1]

■ The foregoing furnishes abundant support for the court's orders revoking Jones' probation. Penal Code section 1203.2 provides that the court may revoke probation if the interests of justice so require and "if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life." One of the express conditions of Jones' probation was that he "shall conduct himself in a law-abiding manner."

■ Jones contends constitutional error in the denial of a jury trial at his revocation hearing. The right of trial by jury does not apply to revocation of probation. ■ The matter of revocation of probation lies solely in the discretion of the trial court. (See *Burns* v. *United States*, 287 U.S. 216, 220-221 [77 L.Ed.2d 266, 268-269, 53 S.Ct. 154] ; *People* v. *Wilson*, 208 Cal.App.2d 256, 258 [25 Cal.Rptr. 97] ; *People* v. *Di Blasi*, 198 Cal.App.2d 215, 220 [18 Cal.Rptr. 223].) ■ There is not even a constitutional or statutory right to a hearing preceding revocation of probation. (*In re Levi*, 39 Cal.2d 41, 44 [244 P.2d 403] ; *People* v. *Wimberly*, 215 Cal.App.2d 538, 550 [30 Cal.Rptr. 421].) If there is such a hearing the formal rules of evidence do not apply. (*People* v. *Mason*, 184 Cal. App.2d 182, 189 [7 Cal.Rptr. 525], cert. den. 366 U.S. 904 [6 L.Ed.2d 203, 81 S.Ct. 1046].)

---

[1] The foregoing outline of facts was, of course, contradicted in part by Jones and his witnesses. We here apply the test, "whether there is substantial evidence to support the conclusion of the trier of fact." (See *People* v. *Daugherty*, 40 Cal.2d 876, 885 [256 P.2d 911].)

■ Next, Jones insists that there was a failure to prove his probation violation beyond a reasonable doubt. The record does not show, of course, the degree of conviction attained by the trial judge on the evidence before him. But such proof is not necessary; it is well established that proof beyond a reasonable doubt is not prerequisite to an order revoking probation. (*People* v. *Johns,* 173 Cal.App.2d 38, 43 [343 P.2d 92]; *People* v. *Sweeden,* 116 Cal.App.2d 891, 895 [254 P.2d 899].)

■ It is urged that Jones was denied the right to counsel at the revocation hearing. While it has been held that there is no constitutional right to counsel at a probation revocation hearing (*People* v. *Wimberly, supra,* 215 Cal.App.2d 538, 550; *People* v. *Mason, supra,* 184 Cal.App.2d 182, 189), here Jones was in fact represented by counsel. His contention that he was not so represented rests solely on the remarks of the trial judge toward the end of the proceedings: "Well, I don't particularly want the matter argued. I feel very badly about this case. I am going to have to revoke his probation." No request to be allowed to argue was made, nor was any objection made to the court's statement. And after the court's remarks both Jones and one of his attorneys did proceed to argue that probation should not be revoked. Jones was not denied his right to counsel and there is no error here.

■ It is then insisted that the hearing given Jones was not fair and impartial. The record shows the contrary. The hearing extended over two days. Its record consists of 231 pages of transcript. Jones produced 11 witnesses on his behalf and he and they were treated with courtesy and consideration. During the hearing the court remarked, "I have gone a long distance with Mr. Jones and he knows it." Jones' counsel replied, "I know, your Honor . . . he [Jones] has expressed his own appreciation for that."

Complaint is also made that the court committed prejudicial evidentiary errors.

The first of those claimed errors relates to evidence of the .25 caliber pistol taken from Burton's car on August 4, 1967. It is insisted that the search which disclosed the gun was violative of the Fourth Amendment. It appears that no Fourth Amendment objection was made to the testimony, the only objection being that since the gun was found in Burton's vehicle, it was not binding on Jones. The trial court declared that it would not consider the gun and marijuana residue against Jones unless some further connection was shown. No

further connection was thereafter shown. Moreover the police, having arrested Burton, the driver, were preparing to store and impound the car. They were permitted to search the car for the purpose of inventorying its contents for the protection of the car's owner, the garageman and the police. (*People* v. *Harris*, 256 Cal.App.2d 455, 461 [63 Cal.Rptr. 849]; *People* v. *Garcia*, 214 Cal.App.2d 681, 684 [29 Cal.Rptr. 609]; *People* v. *Ortiz*, 147 Cal.App.2d 248, 251 [305 P.2d 145]; see also *Harris* v. *United States*, 390 US.. 234 [19 L.Ed.2d 1067, 88 S.Ct. 992]; *People* v. *Harris*, 67 Cal.2d 866, 872 [64 Cal. Rptr. 313, 434 P.2d 609].) We see no error here.

▊ The remaining claim of evidentiary error concerns the consideration by the court of Jones' "hearsay" arrest records and certain sheriff's reports. These matters were brought to the court's attention by, and were included in, the probation officer's report. Penal Code section 1203.2 provides that the court in revoking probation *may rely on the report of the probation officer.* It may rely *solely* on such a report (*People* v. *Silva*, 241 Cal.App.2d 80, 84 [50 Cal.Rptr. 243]; *People* v. *Mason, supra,* 184 Cal.App.2d 182, 189), which must necessarily contain much hearsay matter.

In *People* v. *Silverman*, 33 Cal.App.2d 1, 5 [92 P.2d 507], it is stated, "The matter of granting probation in the first place is within the sound discretion of the trial court. It has been referred to as 'an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted.' (*People* v. *Hainline*, 219 Cal. 532, 534 [28 P.2d 16].) In section 1203 of the Penal Code (1203.2 as amended) it is provided that the court is authorized to revoke an order for probation if there is reason to believe from the report of the probation officer or otherwise that the defendant had violated the terms of his probation. The discretion of the court to revoke an order of probation is 'very broad.' (*People* v. *Fields*, 131 Cal.App. 56 [20 P.2d 988].) No formal procedure is provided for presenting charges of violation of probation. The court may make an order revoking probation based upon facts presented in an informal charge from which the court has reason to believe that the defendant has violated his probation or is unfit to be at large." (See also *People* v. *Bawden*, 208 Cal.App.2d 589, 598 [25 Cal.Rptr. 368]; *In re Young*, 121 Cal.App. 711, 715-719 [10 P.2d 154].)

It is urged by Jones that he has been denied the equal protection of the law "guaranteed by the Fourteenth Amendment to the federal Constitution." Without citation of authority, he insists that this deprivation results from a denial of trial by jury, and the failure to apply the "reasonable doubt" test to the evidence, at his probation revocation hearing. We find this contention also to be without merit.

Finally, Jones contends that he was denied due process by being incarcerated pursuant to an unconstitutionally vague condition of probation. An express condition of the orders granting probation was that "The defendant shall conduct himself in a law-abiding manner." Conditions of Penal Code section 1203.2 were that Jones not engage in "criminal practices," or become "abandoned to improper associates or a vicious life." We see no vagueness in any of these conditions. And as we have stated, the evidence before the court would support a finding that Jones had violated any or all of them.

Throughout his brief in support of his constitutional arguments, Jones cites the recent decision of the United States Supreme Court, *Mempa* v. *Rhay,* 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254]. This case does no more than assert that upon deferred sentencing following probation violation, a defendant must be afforded the right to counsel. This has for many years been the rule of California. (See *People* v. *Fields,* 88 Cal.App.2d 30, 32-33 [198 P.2d 104].) This rule is inapplicable here; Jones' sentence had already been imposed and he was in fact represented by counsel.

The orders revoking probation are affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied July 18, 1968, and appellant's petition for a hearing by the Supreme Court was denied September 5, 1968.