[Crim. No. 535. Fifth Dist. Feb. 20, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL ALEXANDER HAVENSTEIN, Defendant and Appellant.

## COUNSEL

J. Montgomery Carter, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, James T. McNally and Elliott D. McCarty, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Defendant was convicted by a jury of possessing marijuana, a violation of Health and Safety Code section 11530. His primary contentions on appeal are that the marijuana received in evidence was the product of an illegal search of an automobile he was driving at the time of his arrest, and that the district attorney was guilty of misconduct in his opening statement to the jury.

The arrest and search occurred as follows: About 2:30 a.m. on June 27, 1967, two California highway patrolmen were questioning a drunk driving suspect whom they had stopped on Belmont Avenue, east of its intersection with Willow Avenue, in the County of Fresno. Their attention was called to the car defendant was driving east on Belmont Avenue, by the squeal of tires as he brought his vehicle to an abrupt stop. His motor stalled, he restarted the engine, raced it, shifted into reverse gear and, with tires squealing, backed to about the center of the intersection at Willow, and either again stalled the motor or stopped the car. One of the patrolmen, Bennett, remarked to his fellow officer, Fulton, "We have another one," walked to the car and ordered defendant to drive to the curb. He thought defendant was intoxicated but because he could not detect the odor of alcohol, he asked Officer Fulton to "check the subject out."

Defendant was unsteady on his feet and his "knees were wobbly." He was given a standard roadside sobriety test by Officer Fulton, and later by Officer Bennett. The officers concluded that he was intoxicated, arrested him and placed him in the back seat of the patrol car. They then turned their attention to the other passenger in the car, a woman, who it developed was too intoxicated to drive. She was arrested and placed in the front seat of the patrol car.

As there was no one present to take care of the vehicle, the officers decided to have it towed from the street and stored. While defendant and the woman waited in the patrol car at the scene of the arrests, the officers inventoried the contents of the vehicle. They found a Sucrets box under

the right bucket seat inside of which was a wax paper bag containing 3.60 grams of marijuana (enough to make 12 cigarettes), two white-paper, hand-rolled cigarettes containing .84 grams of marijuana, and four Seconal capsules. A state narcotics agent arrived at the scene and found a packet of white cigarette papers in the glove compartment.

Defendant argues that the loose marijuana and the marijuana cigarettes found in the Sucrets box under the right bucket seat were seized as the result of an illegal search. He argues that since he was arrested for intoxication and his passenger likewise was arrested for intoxication, the officers had no right to search the car for marijuana or, for that matter, any other object not directly related to intoxication.

Precisely this contention was made under almost parallel facts in *People* v. *Sirak,* 2 Cal.App.3d 608, 611 [82 Cal.Rptr. 716], and the court said: "The facts known to the officer, immediately preceding the search, establish the existence of probable cause to believe defendant was driving an automobile while intoxicated; and authorized a search of the automobile for additional evidence in support of the charge." The *Sirak* opinion then cites two cases in support of the above quoted holding.

The search in the case at bench can be justified upon another ground. In addition to a search pursuant to an arrest for driving while intoxicated, the officers took an inventory of the car preparatory to storing it as there was no one to drive it or take charge of it. The officers testified that they used an inventory form furnished by the department for such purpose when vehicles are to be stored. That evidence turned up as the result of an inventory of the contents of a vehicle made under these circumstances is admissible was settled in the case of *People* v. *Superior Court,* 275 Cal.App.2d 631 [80 Cal.Rptr. 209]. In discussing a search and seizure made under almost identical facts, the court said, at page 632: "In this case, however, since both occupants of the car were drunk, the police had either to tow it from the scene and store it, or leave it unattended on a city street. (Veh. Code, § 26651, subd. (h).) The latter alternative was obviously undesirable, and the former requires inventory for protection of the owner and the storage bailee. An inventory of a vehicle is permissible when there is no reasonable alternative to towing and storage, and evidence which comes to light during the course of such an inventory is properly admitted into evidence." (See also *People* v. *Jones,* 263 Cal.App.2d 818 [70 Cal.Rptr. 13]; *People* v. *Cook,* 275 Cal.App.2d 970 [80 Cal.Rptr. 528].)

A more provocative question is raised by defendant's charge of

error resulting from the district attorney's reference in his opening argument to evidence he expected to present but which the court ruled inadmissible. The district attorney told the jury that the narcotics agent Pizzo would testify that when defendant was asked to empty his pockets debris fell on the paper and "That at that time there were statements made by the defendant when the debris fell out of his pocket to the effect that the amount that fell out of the pocket was not a usable quantity or not a usable amount." However, after a *voir dire* hearing the trial court refused to permit Pizzo to relate defendant's statement upon the ground defendant had not been advised of his constitutional rights in accordance with *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Two questions arise in regard to the district attorneys' reference to the statement, first, whether the district attorney acted in bad faith and, second, whether the jury necessarily relied upon the statement as proof of an essential element of the crime, to wit, defendant's knowledge of the narcotic character of the substance found in the car. A review of the record does not indicate that the prosecuting attorney acted in bad faith; the *Miranda* question arose after the officers who were present when defendant was booked and his clothing searched had testified and had been excused. The prosecuting attorney advised the court that one of the officers had informed defendant of his *Miranda* rights, and that in any event the statement of defendant was a spontaneous exclamation and not elicited by interrogation. The prosecutor was unable to locate the officer. The trial court held that since defendant had been interrogated prior to the search of his clothing, the statement did not qualify as a spontaneous exclamation and since the prosecuting attorney could not lay the proper foundation for the admission of the statement made during custodial interrogation, the evidence was not admissible. Thus it appears that the district attorney believed at the outset of the trial that the statement was admissible, and we cannot say that he acted in bad faith.

■ This does not dispose of the second question, namely, whether the reference to the inadmissible evidence prejudiced defendant and a reversal is required. Defendant's argument is that there was no proof of his knowledge of the narcotic character of the substance other than the excluded statement. However, as in most cases, this essential element of the crime of possession of narcotics, namely, that the accused had knowledge that the material was a narcotic (*People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255]), may be established by circumstantial evidence. (*People* v. *Groom,* 60 Cal.2d 694, 697 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Jackson,* 198 Cal.App.2d 698, 704 [18 Cal.Rptr. 214].) The circumstantial evidence which we conclude supports

the element of knowledge of the narcotic character of the substance is, first, that the loose marijuana, enough for 12 cigarettes, was kept in a plastic bag and concealed in a Sucrets box secreted under the bucket seat. From the fact smoking material was hidden, the inference may be drawn that defendant was aware of its narcotic nature. Further, two marijuana cigarettes had been rolled and were with the loose marijuana in the Sucrets box; the only purpose for rolling marijuana into a cigarette is to use it as a narcotic.

The judgment is affirmed.

Gargano, J., and Coakley, J., concurred.