[No. B007959. Second Dist., Div. Two. Mar. 20, 1985.]

In re RICHARD DeMOND on Habeas Corpus.

**COUNSEL**

Richard B. Blum for Petitioner.

John K. Van de Kamp, Attorney General, Donald J. Oeser, Susan L. Frierson and Donald F. Roeschke, Deputy Attorneys General, for Respondent.

Rowan K. Klein as Amicus Curiae.

**OPINION**

**COMPTON, J.**—This habeas corpus proceeding presents the question of whether petitioner and presumptively 400 other prisoners sentenced to life under the indeterminate sentencing law (ISL) are entitled to be represented by counsel at hearings conducted to determine their parole release date pursuant to ISL criteria. We conclude that there is no right to counsel at those hearings and therefore deny the relief requested.

The relevant facts and law can be simply stated. In 1975, following a jury trial, petitioner was convicted of first degree murder.[1] Pursuant to the ISL, he was sentenced to life imprisonment.

In 1977 the determinate sentencing law (DSL) took effect. It contained guidelines to be used in determining the parole release date for a life prisoner. Those guidelines, as we shall point out, were different than those that had previously been used under the ISL to set a parole release date.

---

[1] Division One of this court reviewed and affirmed his conviction in *People* v. *DeMond* (1976) 59 Cal.App.3d 574 [130 Cal.Rptr. 590] (hg. den.).

In 1981, a hearing was conducted to set a parole release date for petitioner under DSL criteria. Petitioner was represented by counsel at that hearing and a release date of May 1, 1990, was selected.

In 1982, the California Supreme Court held that the state and federal constitutional proscriptions against ex post facto laws mandated that a life prisoner sentenced pursuant to the ISL be considered for parole release under the ISL pursuant to the administrative guidelines in effect at the time of sentencing *and* under the DSL with its implementing regulations. The court concluded: "We do not suggest, in any manner, that defendant is entitled to an earlier release date, only that he is entitled to parole release consideration under both ISL and DSL standards. Defendant is entitled to a hearing and to the benefit of the earlier release date, if any, set pursuant to both standards." (*In re Stanworth* (1982) 33 Cal.3d 176, at p. 188 [187 Cal.Rptr. 783, 654 P.2d 1311].)

The *Stanworth* opinion did not address the issue of whether a prisoner was entitled to counsel at a hearing conducted pursuant to the ISL.

In 1983, following *Stanworth,* a hearing was conducted to determine petitioner's release date under ISL standards; a date of December 31, 1989 was set. Petitioner was not represented by counsel and in fact made no request for an attorney.

Petitioner contends that his failure to request counsel was the result of an administrative directive promulgated by the Board of Prison Terms which sets forth the guidelines for the ISL hearing mandated by *Stanworth* which states: "Attorney Representation. Representation by an attorney or other advocate on behalf of the inmate will not be permitted at the PBR hearing." This latter directive, of course, is merely a continuation of the procedure which obtained under the ISL prior to the enactment of the newer determinate sentencing law.

Petitioner filed an unsuccessful administrative appeal which primarily urged that the department's administrative regulation unconstitutionally denied him the right to counsel at the later ISL hearing. Then petitioner, represented by counsel, petitioned for habeas corpus in the superior court. That petition was denied. This petition followed.

■ Petitioner's claim of right to counsel at a *Stanworth* hearing is primarily based on two statutes both of which were enacted as part of the DSL. The first is Penal Code section 3041.7 which states: "At any hearing for the purpose of setting, postponing, or rescinding a parole release date of a

prisoner under a life sentence, such prisoner shall be entitled to be represented by counsel and the provisions of Section 3041.5 shall apply."[2]

The second is Penal Code section 3065, which provides: "Except as otherwise provided in Section 1170.2 and Article 1 (commencing with Section 3000) of this chapter, the provisions of this article are to apply to all prisoners serving sentence in the state prisons on July 1, 1977, to the end that at all times the same provisions relating to sentence, imprisonments and paroles of prisoners shall apply to all the inmates thereof."

From these two statutes, petitioner argues that the Legislature has declared that counsel is required for all life prisoners at all parole hearings, including *Stanworth* hearings. We disagree.

Significantly, the cited statutes were enacted years before the *Stanworth* decision. Thus, their provisions cannot reasonably be interpreted as providing for the right to counsel at a hearing which was not then known to the Legislature nor contemplated by it. In enacting Penal Code section 3041.7, the Legislature was referring only to parole release hearings conducted pursuant to the provisions of the DSL.

As for Penal Code section 3065, we read it simply as insuring an ISL prisoner's right to counsel at hearings conducted in accordance with the provisions of the DSL. The Legislature obviously envisioned that life prisoners *sentenced under the ISL* would henceforth have parole release hearings conducted according to DSL procedures and provided that those individuals would have the same rights as prisoners *sentenced under the DSL*.

We cannot attribute to the Legislature an intent to provide a statutory right to counsel in a hearing, the need for which would not be discovered until several years later.

Prior to the enactment of the DSL, the Supreme Court had unequivocally declared that parole hearings were not judicial in nature; hence representation by counsel was not necessary to insure fairness. (*In re Minnis* (1972) 7 Cal.3d 639, 650 [102 Cal.Rptr. 749, 498 P.2d 997].)

To accept petitioner's argument would be to provide a life prisoner sentenced under the ISL with a right which heretofore neither the Supreme Court nor the Legislature has found to exist. The impact of *Stanworth* was merely to put the life prisoner in the same position he was in prior to the

---

[2]Penal Code section 3041.5 enumerates the various procedures and time limits governing hearings under the DSL.

enactment of the DSL. There was no right to counsel then and neither Penal Code section 3041.7 nor section 3065 have changed the picture.

The order to show cause, having served its purpose, is discharged; the petition for a writ of habeas corpus is denied.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied April 4, 1985, and respondent's petition for review by the Supreme Court was denied May 23, 1985. Reynoso, J., was of the opinion that the petition should be granted.