28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby A. DAVIS, Plaintiff-Appellant,
v.
S.R. CAMPBELL, et al., Defendants-Appellees.
 No. 93-17040.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby A. Davis, a California state prisoner, appeals pro se the district court's dismissal after remand of his 42 U.S.C. Sec. 1983 action on res judicata grounds. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews de novo a district court's dismissal on res judicata grounds. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied sub nom, Lummi Indian Tribe v. Washington, 113 S.Ct. 1945 (1993).
 
 
 4
 The allegations in Davis's complaint stem from the conduct of defendants during three prison disciplinary proceedings arising out of his alleged conspiracy to escape. The first two of these proceedings were reversed, once by a state court and once during the administrative process, because of due process violations. At the third proceeding, Davis was found guilty of conspiracy.
 
 
 5
 After exhausting his administrative remedies, Davis filed a petition for writ of habeas corpus in the Sacramento County Superior Court alleging that the third proceeding also violated his due process rights. That petition was denied.
 
 
 6
 After a second petition for writ of habeas corpus filed with the California Supreme Court also was denied, Davis filed the present action in district court. The district court adopted the magistrate judge's findings and recommendations and dismissed Davis's action because the claims Davis presented were barred on res judicata grounds by his previous state habeas proceeding.
 
 
 7
 A state habeas proceeding decided on the merits can be the basis for precluding a section 1983 action in federal court "if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under the federal standards." Silverton v. Department of Treasury, 644 F.2d 1341, 1347 (9th Cir.), cert. denied sub nom, Silverton v. Regan, 454 U.S. 895 (1981). "[F]ederal courts apply state law to determine the preclusive effect of state court judgments." Hawkins v. Risley, 984 F.2d 321, 324-25 (9th Cir.1993) (per curiam); see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (federal court must give state court judgment preclusive effect whenever state would do so); 28 U.S.C. Sec. 1738.
 
 
 8
 Under California law, a final judgment on the merits is a complete bar to further litigation of the same cause of action. Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc., 942 F.2d 1457, 1460 (9th Cir.1991). The application of res judicata depends on whether a claim in a subsequent action " 'relates to the same "primary right" as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action.' " Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035-36 (9th Cir.1990) (quoting Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985)), cert. denied, 112 S.Ct. 417 (1991).
 
 
 9
 Davis contends that the district court erred by dismissing his action on res judicata grounds because (1) his first two causes of action concern separate due process violations arising out of his first two prison disciplinary proceedings, not the third proceeding, and (2) the California Supreme Court's denial of his habeas petition was not on the merits and did not provide him with a "full and fair hearing." These contentions lack merit.
 
 
 10
 First, Davis was not found guilty of conspiracy in either his first or second disciplinary proceeding. Thus, these proceedings could not constitute separate violations of Davis's due process rights because there was no underlying deprivation of a liberty or property interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (in analyzing a procedural due process claim, the court first must decide if the claimant was deprived of a liberty or property interest, and if so, the court must determine if the procedures attendant on that deprivation were sufficient constitutionally).
 
 
 11
 Second, in his complaint, Davis alleged the same procedural due process claims arising out of his third prison disciplinary proceeding as he previously asserted in his California superior court habeas petition. The superior court addressed the merits of Davis's claims and denied his petition. This decision was final because it was free from direct attack. See Mueller v. J.C. Penney Co., 219 Cal.Rptr. 272, 277 (Cal.Ct.App.1986) (judgment free from direct attack is a final judgment); People v. Ojeda, 230 Cal.Rptr. 609, 610 (Cal.Ct.App.1986) (Cal.Penal Code Sec. 1506 provides no appeal rights for defendant from superior court order denying writ of habeas corpus). Although in the present case Davis sought damages not asked for in his habeas petition, "[t]he mere difference in the form of relief is unimportant" because Davis raised the same constitutional claim in both actions and was given a full and fair opportunity to present his claims in the superior court. See Silverton, 644 F.2d at 1347. Thus, the California superior court's denial of Davis's habeas petition was a final decision which bars Davis's present section 1983 action. See id.
 
 
 12
 Accordingly, we conclude that the district court did not err by dismissing Davis's action on res judicata grounds.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3